PER CURIAM.
This is an appeal and cross appeal by the husband Clifford Russ and the wife Carole Russ, respectively, from a final judgment of marriage dissolution; the husband also appeals from a post-judgment order awarding reimbursement to the wife for certain expenditures for joint obligations incurred by the wife. We affirm.
First, we find no merit in the husband’s attack on the final judgment, (a) The award to the wife of 65% of the proceeds on a mortgage held by the parties on a campground which they previously sold was entirely justified. The record contains substantial, competent evidence that the wife made extraordinary contributions to the daily operation and financial management of the campground business during 1976-1984, while the husband remained es *415 sentially idle, drinking large quantities of beer. This extraordinary contribution greatly enhanced the value of the campground business, which was sold in 1984 for approximately $1,100,000, and fully justifies the award of 65% of the payments on the mortgage which the parties received upon the sale of the campground. Neff v. Neff, 386 So.2d 318 (Fla. 2d DCA 1980); § 61.075(l)(g), Fla.Stat. (1989). (b) To the extent that the husband’s attack on the lump sum alimony award may have some merit, any overpayment here is more than offset by the trial court’s outright award to the husband of the Century Technologies stock, as opposed to a 50/50 split thereof which the trial court made with respect to the other major items of marital property. Hirst v. Hirst, 452 So.2d 1083, 1085 (Fla. 4th DCA 1984); Creel v. Creel, 378 So.2d 1251, 1252 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1111 (Fla.1980).
Third, we find no merit in the husband’s attack on the post-judgment order under review or in the wife’s attack on the final judgment as essentially shortchanging her. We have not overlooked the parties’ arguments in support of these respective points, but are not persuaded thereby.
Affirmed.