601 So.2d 1303 (1992)
Maria Elena IBANEZ-VOGELSANG, Appellant/Cross-Appellee,
v.
George C. VOGELSANG, Appellee/Cross-Appellant.
Nos. 91-1617, 91-2760.
District Court of Appeal of Florida, Third District.
July 7, 1992.
Melvyn B. Frumkes & Associates and Melvyn B. Frumkes and Christopher A. Tiso, Miami, for appellant/cross-appellee.
Joe N. Unger, Vogelsang Law Firm, Miami, for appellee/cross-appellant.
Before NESBITT, FERGUSON and GODERICH, JJ.
FERGUSON, Judge.
This appeal arises from a judgment, entered on the wife's complaint, dissolving a six-week marriage. Mrs. Ibanez-Vogelsang claims a one-half interest in property acquired by Mr. Vogelsang prior to the marriage, which was conveyed to the parties as tenants by the entireties on their wedding day.
The question presented in the wife's appeal is whether there was substantial competent evidence to support the trial court's decision to award the husband the parties' $900,000 home, which he brought to the marriage as his separate property and sole substantial asset. On balance the court awarded the wife, who came to the marriage as a self-employed and financially independent professional, a $35,000 diamond ring, $16,000 in rehabilitative alimony, and $26,000 in attorney's fees.
Section 61.075, Florida Statutes (1991), creates a presumption that individually-owned real property transferred to a tenancy by the entireties is marital property subject to equitable distribution, regardless of its original acquisition. Robertson v. Robertson, 593 So.2d 491, 494 (Fla. 1991). In distributing marital assets, the trial court is guided by a broad array of factors codified in subsection (1) of the statute. Those factors include (1) the economic circumstances of the parties, (2) the duration of the marriage, (3) the contribution of each spouse to the acquisition of the marital assets, and (4) any other factors necessary to do equity and justice between the parties.
We assume, without deciding, that the husband did not rebut the presumption that the parties intended the property to be subject to equitable dissolution on divorce. Nevertheless, because the court's distribution of the marital assets, including the home, follows the statutory criteria and is supported by factual findings in the order based on competent and substantial evidence *1304 as required by section 61.075(3), it cannot be disturbed. Russ v. Russ, 576 So.2d 414 (Fla. 3d DCA 1991).
Affirmed.