780 So.2d 164 (2001)
Rene S. LOPEZ, Appellant,
v.
Patricia I. LOPEZ, Appellee.
No. 2D99-1423.
District Court of Appeal of Florida, Second District.
January 12, 2001.
David M. Wall, Clearwater, for Appellant.
Wayne J. Boyer, Clearwater, for Appellee.
CASANUEVA, Judge.
Rene S. Lopez appeals the final judgment dissolving his long-term marriage to Patricia I. Lopez and raises four issues for our consideration. We find that two are meritorious and mandate reversal: the requirement that he provide insurance to secure his child support and alimony obligations, *165 and the award of attorney's fees to Mrs. Lopez. The remaining two issues, which we affirm without further discussion, pertain to Mrs. Lopez's award of special equity and permanent alimony.
Paragraph ten of the final judgment required Dr. Lopez to maintain life insurance in the amount of $250,000 to secure his child support obligation, if reasonably available, and to name Mrs. Lopez as beneficiary until his child support obligation terminates. Upon motion for rehearing, Mrs. Lopez asked the trial court to clarify the life insurance issue as it related to security for alimony and the amount. The trial court granted her rehearing motion in part by requiring Dr. Lopez to secure his alimony obligation by purchasing a life insurance policy in the amount of $250,000, if reasonably available, and naming Mrs. Lopez as the beneficiary until alimony is terminated. At the hearing on the motion for rehearing, the trial court and counsel spent considerable time discussing how to configure the life insurance coverage so that it would protect both his support obligations without giving Mrs. Lopez a windfall. Dr. Lopez's counsel was concerned on behalf of his client because the child support obligation had a discernable end point, the age at which his youngest child would become emancipated, but his alimony obligation was not so concrete. For example, alimony could terminate upon various contingencies, such as Mrs. Lopez's quick remarriage. Although the parties were rightly concerned about these issues, we find that they overlooked a more basic problem, an evidentiary predicate.[1]
Sections 61.08(3) and 61.13(3), Florida Statutes (1997), grant the trial court authority to protect awards of alimony and child support, respectively, by ordering a party who must pay alimony or child support to purchase or maintain a life insurance policy. In Milo v. Milo, 718 So.2d 343 (Fla. 2d DCA 1998), we reversed an order requiring the payor spouse to maintain life insurance, if reasonably available, because the record contained no evidence of the payor's ability to afford the insurance or of the actual cost of such a policy. See also Zimmerman v. Zimmerman, 755 So.2d 730 (Fla. 1st DCA 2000). Similarly, in certain instances, a proper predicate may include the payor's insurability. In Knight v. Knight, 746 So.2d 1117 (Fla. 4th DCA 2000), the payor husband was fifty years of age and had had recent open heart and back surgery. The reviewing court questioned whether the payor could secure affordable life insurance and reversed for further consideration. See id. at 1120.
Here, no evidence was presented to the trial court that life insurance was available to Dr. Lopez or its cost. As in Knight, there may be an insurability question because over twenty years ago Dr. Lopez had an artificial heart valve inserted. We note that the appellate record indicated that Dr. Lopez was currently covered by a life insurance policy, which he had procured prior to the heart valve procedure. Some coverage might be available through his employer. The appellate record does suggest that he had apparently procured some type of insurance to secure his temporary child support payments.
In order for a trial court to order that a party purchase insurance to secure a support obligation, the record should contain evidence of the payor's insurability, the cost of the proposed insurance, and the payor's ability to afford the insurance. Because the record before us does not *166 contain such evidence, we reverse for further proceedings on this issue.[2]
The second issue that requires reversal is the final judgment's requirement that Dr. Lopez pay the major portion, $22,500, of Mrs. Lopez's attorney's fees and costs. Between the parties' settlement agreement and the final judgment, Mrs. Lopez received an award of permanent alimony that equalized her income to Dr. Lopez's; a judicial determination, after presentation of hotly disputed evidence, that she was entitled to special equity of $30,000 in a certain asset; and a near equal distribution of the modest marital estate.
In this dissolution of marriage proceeding, the determination of an appropriate attorney's fee award is governed by section 61.16, Florida Statutes (1997). The statute requires the trial court to consider and evaluate each party's financial resources in determining whether and to what extent to award attorney's fees. The statute's purpose is to ensure that both parties possess a similar ability to retain competent legal counsel. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). To accomplish this goal, the "trial court must look to each spouse's need for money versus each spouse's respective ability to pay." Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997). The respective financial resources of each party constitute "the primary factor to be considered." Id. at 700. See also Jacoby v. Jacoby, 763 So.2d 410, 417 (Fla. 2d DCA 2000).
Because the parties' financial positions here were equalized through the award of alimony and equitable distribution of marital assets, we conclude that the award of attorney's fees to Mrs. Lopez was improper. Although Dr. Lopez is a physician, his employment status is merely as a contract employee with a health clinic. We find further support for our conclusion in the evidence that Mrs. Lopez possesses additional nonmarital assets that enable her to retain competent counsel. Furthermore, the final judgment contains no Rosen findings that suggest the need for such an award. Simply stated, postdissolution, Mrs. Lopez possesses an ability equal to that of Dr. Lopez to pay her attorney's fees and costs.
In summary, we reverse the trial court's requirement that Dr. Lopez secure life insurance to protect his child support and alimony obligations and remand for further proceedings on this issue; we also reverse the award of attorney's fees and costs with directions that the trial court amend the final judgment to order that the parties pay their own attorney's fees and costs.
Affirmed in part, reversed in part, and remanded for further proceedings.
ALTENBERND, A.C.J., and NORTHCUTT, J., concur.
NOTES
[1] Dr. Lopez also claims that the order upon rehearing confused this issue further instead of clarifying it because he is not certain, for example, whether he is required to obtain coverage of $500,000, half of which is to secure the child support obligation and the other half to secure the alimony obligation, or if one policy of $250,000 will secure both obligations. In light of our disposition of this issue, and the necessity of further proceedings on remand, we need not reach this question. We are confident that the trial court on remand will provide a less ambiguous final judgment.
[2] We note that the transcript of the hearing on the motion for rehearing shows that the trial court was cognizant of the lack of evidentiary basis to order that an insurance policy be procured; the trial court noted that no evidence was taken at previous hearings on any aspect of the insurance issue. The trial court then suggested that another evidentiary hearing might be necessary or that the parties could meet and work out a stipulation to dispose of the issue. However, the final order on rehearing requiring life insurance to secure the alimony award was apparently filed without action on either of these suggestions.