803 So.2d 889 (2002)
Vashti CATTANEO, Appellant,
v.
Andrew V. CATTANEO, Appellee.
No. 5D00-3228.
District Court of Appeal of Florida, Fifth District.
January 4, 2002.
*890 Timothy M. Goan of Timothy M. Goan, P.A., Palm Coast, for Appellant.
Jerome Rotenberg of Chiumento & Associates, P.A., Palm Coast, for Appellee.
THOMPSON, C.J.
Vashti Cattaneo (former wife) appeals a final judgment of dissolution dissolving the marriage between her and Andrew V. Cattaneo (former husband). We reverse.
The former husband and former wife were married on April 14, 1997, in Port of Spain, Trinidad. For much of the two-year marriage, they lived in Palm Coast in a jointly-titled home. In his petition for dissolution of marriage, the former husband alleged that the former wife, a resident of Trinidad, had married the former husband "solely for the purpose of obtaining permanent residency in the United States." Evidence to support that allegation, however, was scant.
The former wife and former husband stipulated that the jointly-titled marital home had a value of $90,000.00. The trial court determined that the former wife was entitled to an equitable distribution of 50% of the increase in the home's value during the marriage, but that the base cost of the home was "subject to the husband's special equity from his non-marital assets." The trial court reasoned:
A lot was purchased from the husband's assets for $4,400.00 and a new house was contracted to be built for $82,510.00, for a total investment of $86,910.00. This all came from the husband's prior savings and sale of the Broward condominium.
* * *
The wife claimed the home was a gift by the husband as it was taken in joint names. The husband denies this and except for a claimed statement by the husband to the wife there is no evidence of a gift to support a preponderance of the evidence test. The parties agreed on the value of the home as $90,000.00 today which results in an increase in value of $3,090.00 during the marriage.
The court's reasoning and judgment were erroneous.
By both statute and case law, entireties property is presumed to be marital, regardless of the date of acquisition. § 61.075(5)(a)5., Fla. Stat.2000; Robertson v. Robertson, 593 So.2d 491 (Fla.1991). In its order, the trial court suggests that the wife had the burden to prove the husband intended to make a gift of the home to the wife. That was wrong as a matter of law. The burden was on the husband to prove that a gift was not intended. § 61.075(5)(a)5., Fla. Stat.2000 ("All real property held by the parties as tenants by the entireties, whether acquired prior to or during the marriage, shall be presumed to be a marital asset. If, in any case, a party makes a claim to the contrary, the burden of proof shall be on the party asserting the claim for a special equity")(emphasis added).
In this case, the trial erred by shifting the burden to the wife to prove a gift was intended. Further, the husband did not put on enough evidence to overcome the presumption that a gift was intended. See Rutland v. Rutland, 652 So.2d *891 404, 406 (Fla. 5th DCA 1995), receded from on other grounds, Anson v. Anson, 772 So.2d 52 (Fla. 5th DCA 2000)(en banc) ("[t]he husband's conduct evidencing joint ownership simply cannot be overcome by the mere unsubstantiated claim, raised for the first time during a dissolution proceeding, that he never intended a gift to the wife at the time of the conveyance"). The former husband acknowledged that he had the property jointly titled "in case something happened to" him. Id. Moreover, the former husband stated he had the property jointly titled to demonstrate to the Immigration and Naturalization Service that the marriage was not a fraud. That reads in favor of the property being treated as a gift to his wife.
Although the trial court's analysis was faulty, that does not mean the former wife is entitled to 50% of the value of this home. To make an equitable distribution of marital property, "the [trial] court must begin with the presumption that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors." § 61.075(1), Fla. Stat. (2000)(emphasis added). Section 61.075(1) lists a number of factors to be considered in making an equitable distribution of marital property. Among these factors are "(c) the duration of the marriage," "(g) [t]he contribution of each spouse to the acquisition [of] marital assets... of the parties." On remand, the court should consider these factors and "(j) any other factors necessary to do equity and justice between the parties," in determining the distribution of marital assets. See McMonagle v. McMonagle, 617 So.2d 373, 374 (Fla. 5th DCA 1993) (an equal split "`may be a good starting point' in some dissolution cases, but it should not end with an inequitable result in any case"); Ibanez-Vogelsang v. Vogelsang, 601 So.2d 1303 (Fla. 3d DCA 1992); see generally, Victoria M. Ho & Rebecca Y. Zung, Special Equity and Unequal Distribution of Assets, Fla. Bar J. 79, 81 (Nov.2001).
Next, the former wife submits that $1,700.00, representing the value of furniture, was not allocated in the final judgment of dissolution and that the former husband's IRA was not distributed in the final judgment. It is true that $7000.00 worth of furniture, for which the former husband and former wife owed $5300.00 to Rooms To Go, was not allocated by the trial court. Rather, the trial court incorrectly stated that the furniture's value was equivalent to the debt owed Rooms To Go. Upon remand, this $1700.00 should be distributed equitably. As for the former husband's IRA, that matter must be addressed upon remand, as well. The final judgment of dissolution does not determine whether any portion of it was marital property.
On the matter of attorney fees, the trial court ruled: "[t]he $12,000.00 removed by the wife [when the parties' separated] shall be considered as part of her legal expenses and living expenses during relocation and no further fees or costs are awarded to her." The attorney fee decision should be revisited after the court re-examines the equitable distribution scheme. See Rico v. Rico, 487 So.2d 1161 (Fla. 5th DCA 1986) ("[o]n remand, the trial court may revisit the award of attorney's fees ... when considering the revised distribution of marital property, because ... such items are often interrelated").
REVERSED and REMANDED.
SHARP, W., and ORFINGER, R.B., JJ., concur.