831 So.2d 709 (2002)
David SAKA, Appellant,
v.
Cheryl L. SAKA, Appellee.
No. 3D00-2031.
District Court of Appeal of Florida, Third District.
October 30, 2002.
*710 Cynthia L. Greene, for appellant.
Addicott & Addicott, P.A., and Michael L. Addicott, Hollywood, and Harry P. Teichman, for appellee.
Before LEVY, GREEN, and FLETCHER, JJ.
PER CURIAM.
This is an appeal, by the father, of a post-dissolution final judgment granting the mother back child support. The father essentially contends that no support is due and owing by virtue of two agreements which were executed by the parties, but never submitted to the court for approval. The trial court declined to enforce these agreements finding them to be void and against public policy. The court then entered *711 a final judgment for child support arrearages, prejudgment interest and attorney's fees against the father. To enforce this judgment, the lower court, by separate order, entered a Qualified Domestic Relations Order ("QDRO") against the father's pension plan.
The father appeals and raises five issues, four of which challenge the final judgment and the fifth, the QDRO. The mother responds that none of the appellate challenges were raised before the trial court and thus were not preserved for our appellate review. As to the father's challenge of the QDRO, the mother points out that this order was separately entered by the court below and was not included in the father's notice of appeal.[1] For this reason, the mother urges that the QDRO is not properly before this court either.
After our careful review, we agree with the appellee/mother that the limited record before us reveals that none of the issues raised by the appellant, have been adequately preserved for appellate review.[2] As a general rule, reviewing courts will not consider points raised for the first time on appeal. Castor v. State, 365 So.2d 701, 703 (Fla.1978). This is because in order to preserve an issue for appellate review, the appellant must present a record indicating that an adequate and timely objection was interposed in the proceedings below challenging the action sought to be reviewed on appeal. The reasoning has been described thusly:
The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him [or her] an opportunity to correct it at an early stage of the proceedings. Delay and an unnecessary use of the appellate process result from a failure to cure early that which must be cured eventually.
Id.See also State v. Osvath, 661 So.2d 1252, 1254 (Fla. 3 DCA 1995) ("an appellate court must confine the parties litigant to the points raised and determined in the court below, and must not permit the presentation of points, or objections for the first time in the appellate court, when the same might have been cured or obviated by amendment, if attention had been called to them in the trial court." quoting Hartford Fire Ins. Co. v. Hollis, 58 Fla. 268, 50 So. 985 (1909)).
The limited exception to this preservation requirement is the situation where fundamental error, such as an issue involving subject matter jurisdiction, is present. See, e.g. Hoechst Celanese Corp. v. Fry, 693 So.2d 1003, 1007 (Fla. 3d DCA 1997); 84 Lumber Co. v. Cooper, 656 So.2d 1297, 1298 (Fla. 2d DCA 1994). "Fundamental error, which can be considered on appeal without objection in the lower court, is error which goes to the foundation of the case or goes to the merits of the cause of action." Sanford v. Rubin, 237 So.2d 134, 137 (Fla.1970). In the instant case, we cannot conclude that any of the issues raised, but not preserved below, amounts to fundamental error. Accordingly, we affirm as to all of the challenges to the final judgment.
We additionally agree with the appellee/mother that the appellant's challenge to the QDRO is not properly before *712 us where it was not incorporated by reference in the final judgment and not included in the appellant's notice of appeal. See Milar Galleries, Inc. v. Miller, 349 So.2d 170, 171 (Fla.1977) (purpose of notice of appeal is to disclose to adverse party and reviewing court that an appeal from a particular order, judgment or decree of trial court is intended); Jones v. State, 423 So.2d 520 (Fla. 5th DCA 1982) (stating that "[t]he test for determining the sufficiency of a notice of appeal is whether it gives the adverse party and the appellate court sufficient information to identify with a reasonable degree of certainty the order or judgment intended to be appealed."). See also Fla. R.App. P. 9.110(h)(2001) ("The court may review any ruling or matter occurring before filing of the notice. Multiple final orders may be reviewed by a single notice, if the notice is timely filed as to each order.").
Affirmed.
NOTES
[1] The record reflects that the notice of appeal was prepared and filed pro se by the father.
[2] The father/appellant has failed to provide an appropriate record of the proceedings below as the record is devoid of the transcripts from the partial summary judgment hearing which underlies the basis of the father's arguments.