839 So.2d 918 (2003)
John J. ZANGARI, Appellant,
v.
Tracy CUNNINGHAM, Appellee.
No. 2D01-2605.
District Court of Appeal of Florida, Second District.
March 19, 2003.
*919 Arnold D. Levine and Robert H. Mackenzie of Levine, Hirsch & Segall, P.A., Tampa, for Appellant.
David A. Maney and Patricia F. Kuhlman of Maney, Damsker, Jones, Kiely & Kuhlman, P.A., Tampa, for Appellee.
SALCINES, Judge.
John J. Zangari, the former husband, appeals from a final judgment of dissolution of marriage challenging the trial court's classification of specific stock as marital, the award of bridge-the-gap alimony to the former wife, and the requirement that he secure that alimony award with life insurance.[1] Tracy Cunningham, the former *920 wife, cross-appeals from the final judgment challenging the trial court's award, to the former husband, of a special equity interest in the marital home. We affirm, without further discussion, the classification of the stock at issue as marital and the award of bridge-the-gap alimony to the former wife. We affirm the trial court's requirement that the former husband maintain life insurance to secure the alimony payments, but reverse and remand for a review of the amount and terms of that insurance. Finally, we reverse the trial court's award of a special equity interest in the marital home.
The parties were married in 1995 and have twin children who were born in 1995. The parties separated in November 1998 and their marriage was dissolved in 2001.
In the final judgment of dissolution, the former wife was awarded bridge-the-gap alimony through 2004 and the former husband was ordered to secure that award with life insurance in the amount of $250,000. In appropriate circumstances, a spouse can be required to maintain life insurance for the purpose of protecting the financial well-being of the other spouse. Sobelman v. Sobelman, 541 So.2d 1153, 1155 (Fla.1989). Under the facts of the present case, the trial court did not abuse its discretion by requiring that the former husband maintain a life insurance policy to secure the alimony awarded to the former wife. However, the amount of the coverage which the former husband was ordered to maintain lacks a sufficient evidentiary basis  the record contains no evidence of the former husband's insurability at the time of the final hearing or the cost of the proposed insurance and, thus, the former husband's ability to pay that unspecified cost. See Lopez v. Lopez, 780 So.2d 164 (Fla. 2d DCA 2001) (holding that an order requiring a party to purchase life insurance to secure a support obligation must have the requisite evidentiary basis, and reversing for further proceedings to reevaluate the life insurance requirement set forth to secure child support obligations). Further, as in Merkin v. Merkin, 804 So.2d 595 (Fla. 2d DCA 2002), the specific amount of coverage ordered in the present case bore no correlation to the projected alimony amounts. Thus, we reverse the requirement that the former husband maintain life insurance coverage in the amount of $250,000 to secure the bridge-the-gap alimony, and we remand for further proceedings.[2]
The award, to the former husband, of a special equity interest in the parties' marital home also requires a reversal and remand. In Florida, there is a presumption that entireties real property is marital property regardless of who paid for it. § 61.075(5)(a)(5), Fla. Stat. (2001). In order to overcome the statutory presumption, the party seeking a special equity has the burden of proving that a gift was not intended. See Robertson v. Robertson, 593 So.2d 491 (Fla.1991).
In the present case, the parties' home, which was purchased after the marriage, *921 was jointly titled and thus enjoyed the presumption of marital property. The trial court awarded the former husband a special equity interest based upon evidence that the former husband had made the down payment for the parties' marital home with his nonmarital assets. Standing alone, that evidence was insufficient to prove that the former husband did not intend a gift. See Cattaneo v. Cattaneo, 803 So.2d 889 (Fla. 5th DCA 2002). Hence, the trial court erred in awarding the former husband a special equity in the jointly titled marital home because the former husband did not overcome the statutory presumption by demonstrating that a gift was not intended.
As explained in Cattaneo, however, the trial court's error does not mean that the former wife is necessarily entitled to fifty percent of the value of the marital home. See id. at 891. Thus, on remand the trial court should reevaluate the equitable distribution of the marital home. Id.
Affirmed in part; reversed in part and remanded for further proceedings consistent herewith.
CASANUEVA and COVINGTON, JJ., Concur.
NOTES
[1] We note that the trial court also ordered the former husband to procure life insurance to secure his child support obligations. However, the former husband does not challenge the life insurance requirement in regard to his child support obligations.
[2] Although we remand the present case for further proceedings on this issue, we do so with some reservation. The need to secure the bridge-the-gap alimony award with life insurance can be affirmed from facts evident in the record. The amount and terms of the life insurance coverage cannot be affirmed on this record due to a failure of proof. Because the appropriate remedy upon a reversal was not presented as an issue in the present case and this area of the law was emerging during the period of time these parties presented their case, we have remanded for further proceedings rather than merely reversing the requirement that the former husband secure the alimony award with life insurance. See Lopez v. Lopez, 780 So.2d 164 (Fla. 2d DCA 2001).