901 So.2d 420 (2005)
Gilbert O. HERNANDEZ, Appellant,
v.
KISSIMMEE POLICE DEPARTMENT, Appellee.
No. 5D03-3704.
District Court of Appeal of Florida, Fifth District.
May 20, 2005.
Gilbert O. Hernandez, Orlando, pro se.
Kevin P. Kelly and Kent L. Hipp of Gray Robinson, P.A., Orlando, and Don T. Smallwood, Kissimmee, for Appellee.
PALMER, J.
Gilbert O. Hernandez appeals the trial court's final judgment forfeiting his personal property to the Kissimmee Police Department ("the Department"). Finding no reversible error preserved in the trial court, we affirm.
This case arose from the Department's investigation of Hernandez, who was allegedly counterfeiting Playstation video games and then selling them to the general public in violation of various state laws. Hernandez was charged with counterfeiting private labels and offenses against intellectual property.
Pursuant to a seizure warrant, the Department seized 53 items of Hernandez's personal property as well as currency. The Department eventually filed a complaint for forfeiture of the seized property. See § 932.701, Fla. Stat. (2001)[1]. The *421 case proceeded to trial where the jury returned a verdict in favor of the Department. The trial court entered a final judgment of forfeiture and this appeal timely followed.
On appeal, Hernandez claims that reversal is required because the record demonstrates that the Department failed to comply with the mandatory filing requirement of section 932.701(2)(c) of the Florida Statutes. Said requirement states that a complaint seeking forfeiture must be filed within 45 days after seizure. However, Hernandez raises this issue for the first time on appeal, having failed to make a motion or argument regarding this issue to the trial court.
As a general rule, reviewing courts will not consider claims of error which are raised for the first time on appeal. It is the function of the appellate court to review errors allegedly committed by the trial court, not to entertain for the first time on appeal issues which the complaining party could have and should have, but did not, present to the trial court. Saka v. Saka, 831 So.2d 709 (Fla. 3d DCA 2002); Fla. Emergency Physicians-Kang & Assocs., M.D., P.A. v. Parker, 800 So.2d 631 (Fla. 5th DCA 2001). A limited exception to the general rule exists when an issue involving subject matter jurisdiction is presented. Saka, 831 So.2d at 711. Accordingly, in this case the resolution of whether this court must review Hernandez's claim is dependent on determining whether the 45-day time limit set forth in the forfeiture statute acts as a jurisdictional bar.
In DeGregorio v. Balkwill, 853 So.2d 371 (Fla.2003), the supreme court addressed conflicting case law on whether the 45-day time period was mandatory. The supreme court held that the language of Florida's Contraband Forfeiture Act to "promptly proceed" to file the complaint within 45 days after seizure was mandatory. However, the supreme court did not expressly state that the time limit was jurisdictional. Furthermore, the court did not hold that the failure to file the complaint timely would result in dismissal of the forfeiture action. Instead, the court held that if a seizing agency fails to timely file a forfeiture complaint the proceeding could be dismissed on the claimant's motion. See also Alvarez v. City of Plantation, 824 So.2d 339 (Fla. 4th DCA 2002)(holding that the owner of seized property could waive the 45-day statutory requirement, despite the owner's claim that the time limit was jurisdictional).
Two other recent cases have addressed the issue of whether similar statutory time limits are jurisdictional. In Metellus v. State, 900 So.2d 491 (Fla.2005), the supreme court held that the time limit set forth in Florida Rule of Criminal Procedure 3.170(a)(2)(A) allowing the State to move to vacate a plea within 60 days of a defendant's breach of a plea agreement is not jurisdictional. The supreme court reasoned as follows:
The Fifth District held that rule 3.170(g)(2)(A) is not jurisdictional because it permits the time for filing to be altered. A jurisdictional rule cannot be altered by the court or by agreement of the parties. See, e.g., Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179, 181 (Fla.1994) ("We acknowledge that the parties cannot stipulate to jurisdiction over the subject matter where none exists...."); Harrell v. State, 721 So.2d 1185, 1187 (Fla. 5th DCA 1998) (holding that lack of jurisdiction cannot be cured by consent). Because this particular provision allows the time limit to be altered, then, as the Fifth District reasoned, the rule cannot be jurisdictional. We agree with the Fifth District's rationale *422 and conclusion that the rule is not jurisdictional.
Id. at 495.
Additionally, in State v. Goode, 830 So.2d 817 (Fla.2002), the supreme court held that in a proceeding to commit a sexually violent predator, the 30-day period to conduct a final hearing after a finding of probable cause is mandatory, rather than directory, but not jurisdictional. The court recognized that there are limited instances where a court could retain jurisdiction beyond the 30-day time period.
Applying these principles to the reading of Florida's Contraband Forfeiture Act, we note that the statutory language expressly permits a trial court to retain jurisdiction in a forfeiture case for up to 60 days if good cause is shown. Section 932.703(3) of the Florida Statutes provides:
932.703. Forfeiture of contraband article; exceptions
* * *
(3) Neither replevin nor any other action to recover any interest in such property shall be maintained in any court, except as provided in this act; however, such action may be maintained if forfeiture proceedings are not initiated within 45 days after the date of seizure. However, if good cause is shown, the court may extend the aforementioned prohibition to 60 days.
§ 932.703(3), Fla. Stat. (2001)(emphasis added). Since this statutory language expressly allows the time limit to be altered for a showing of good cause, the time limit cannot be jurisdictional. Accordingly, Hernandez's claim does not involve an issue of subject matter jurisdiction and therefore he waived his right to appellate review of this claim by failing to file a motion to dismiss in the trial court after the 45 days elapsed.
The court has reviewed Hernandez's other points on appeal and find them either to be without merit or not properly preserved.
AFFIRMED.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] Florida's Contraband Forfeiture Act. See §§ 932.701-p.707, Fla. Stat. (2001).