ROTHENBERG, J.
The defendant, John Spipniewski, appeals his conviction and sentence for simple stalking. We affirm.
The defendant was charged by information with the following counts involving the same victim: aggravated stalking for incidents occurring between January 1, 2011, and December 16, 2011, by making a specific verbal threat of harm to the victim and by threatening the victim with a baseball bat (Count 1); aggravated assault with a deadly weapon by approaching the victim while swinging a baseball bat on December 15, 2011'(Count 2); harassing the victim (Count 3); and misdemeanor battery that occurred on December 16, 2011 (Count 4). The State nolle prossed Count 3, and the defendant proceeded to trial on the remaining counts.
The defendant filed a motion in limine seeking to preclude the State from introducing certain uncharged or prior bad acts. The trial court ruled that it would allow reference to acts that were relevant to the aggravated stalking charge, which included all acts committed by the defendant against the victim during the time period charged in Count 1 of the information — January 1, 2011, to December 16, 2011.
At trial, the evidence demonstrated that the victim and the defendant each lived in one of the four homes located on a five-acre grove in Homestead. Although the victim had helped the defendant for a period of time by giving him rides, food, and money, in 2011 she refused to continue providing these services to the defendant. The victim testified that within two days of discontinuing her services to the defendant, the victim’s husband’s truck was vandalized. Defense counsel objected and moved for a mistrial, arguing that the testimony violated the motion in limine because there was no evidence of a connection between the defendant and the vandalism. The trial court denied the motion for a mistrial, but sustained the objection and instructed the jury to disregard the statement because the defendant had not been charged with vandalism. The jurors agreed that they would disregard the victim’s statement.
The victim also testified that the defendant yelled obscenities at her and made violent threats to her at various times in 2011. When asked whether the obscenities and threats “ever escalated to anything more than just words,” the victim responded that the defendant punched her on November 25, 2011, approached her *565 swinging a baseball bat, on December 15, 2011, and pulled her hair and bit her on December 16, 2011. The December 15 and 16 incidents were charged in the information in Counts 2 and 4, respectively. Defense counsel, however, timely objected and moved for a mistrial based on the victim’s testimony regarding the alleged November 25, 2011, punching incident because that alleged incident was a separately charged offense pending in county court. The trial court overruled the objection and denied the motion for a mistrial.[1]
The jury found the defendant guilty of stalking, as a lesser included offense of aggravated stalking, and not guilty of aggravated assault with a deadly weapon (Count 2) or simple battery (Count 4).
On appeal, the defendant contends the trial court abused its discretion by denying his motions for a mistrial based upon the evidence introduced regarding the uncharged crimes of: (1) vandalism to the victim’s husband’s vehicle, and (2) the punching incident that occurred on November 25, 2011. We disagree. A motion for a mistrial should “be granted only ‘when an error is so prejudicial as to vitiate the entire trial.’” Gosciminski v. State, 132 So.3d 678, 696 (Fla.2013) (quoting England v. State, 940 So.2d 389, 401-02 (Fla.2006)); see also Hamilton v. State, 703 So.2d 1038, 1041 (Fla.1997).
Although we agree with the defendant that the victim’s testimony regarding the vandalism was improper, as there was no evidence that the defendant committed that crime, we nonetheless conclude that the trial court did not abuse its discretion in denying the defendant’s motion for a mistrial because the victim’s single and brief comment was not solicited by the State; the trial court sustained defense counsel’s objection and subsequently gave a curative instruction; and the jurors agreed that they would disregard the objected-to testimony. See Hamilton v. State, 703 So.2d at 1041 (holding that the trial court did not abuse its discretion in denying the defendant’s motion for a mistrial where the improper comment was brief and unanticipated by the State, and where the trial court gave the jury a curative instruction).
As to the victim’s testimony regarding the punching incident on November 25, 2011, we conclude this collateral crimes evidence was properly admitted under section 90.402, Florida Statutes (2012), because it was relevant and material to establish the charged offense of aggravated stalking, see § 90.401 (“Relevant evidence is evidence tending to prove or disprove a material fact.”); § 90.402, Fla. Stat. (2012) (“All relevant evidence is admissible, except as provided by law.”), and its probative value was not substantially outweighed by its prejudicial effect. § 90.403, Fla. Stat. (2012) (“Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice .... ”); see also Dorsett v. State, 944 So.2d 1207,1213 (Fla. 3d DCA 2006) (finding that collateral crimes evidence-admitted under section 90.402 is ad *566 mitted based on its relevance, and the admissibility of collateral crimes evidence under section 90.402 does not require notice).
■ In the instant case, to establish the offense of aggravated stalking as charged in Count 1 of the information, the State was required to prove beyond a reasonable doubt that between January 1, 2011, and December 16, 2011: (1) the defendant willfully, maliciously, and repeatedly, followed, harassed, or cyberstalked the victim; and (2) the defendant made a credible threat to the victim with the intent to place the victim in reasonable fear of death or bodily injury. § 784.048(3), Fla. Stat. (2011). “Harass” is defined as “to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose.” § 784.048(l)(a), Fla. Stat. (2011). “Course of conduct” is defined as “a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose ....” § 784.048(l)(b), Fla. Stat. (2011) (emphasis added). A “credible threat” includes a “verbal or nonverbal threat, or a combination of the two, ... which places the person who is the target of the threat in reasonable fear for his or her safety ... , and which is made with the apparent ability to carry out the threat to cause such harm ....” § 784.048(l)(c), Fla. Stat. (2011).
Reading these statutes together, the State was required to prove that the defendant engaged in a series of wrongful or threatening acts that contributed to the victim’s reasonable fear. Therefore, the victim’s testimony regarding the punching incident that occurred on November 25, 2011, was relevant to show a course of conduct and a credible threat to inflict violence upon the victim, which placed the victim in reasonable fear for her safety.[2] Lastly, we find that based on the record and the jury’s verdict, if the admission of this one uncharged battery was error, it was harmless beyond a reasonable doubt.
Affirmed.

. Although defense counsel argued for the first time at oral argument before this Court that the failure to list the punching incident as a predicate act when charging the defendant with aggravated stalking did not put the defendant on notice that this particular collateral crime would be relied on by the State at trial, we note that this argument was not raised below and was therefore not preserved for appellate review. See Saka v. Saka, 831 So.2d 709, 711 (Fla. 3d DCA 2002) (holding that appellate courts cannot review an issue for the first time on appeal absent fundamental error). The objection raised at trial was simply that the punching incident was a separately charged offense pending in county court.

. We disagree with the State’s argument that the punching incident was relevant to prove aggravated assault as charged in Count 2. The act specifically charged in Count 2 involved an incident on December 15, 2011, where the defendant approached the victim swinging a baseball bat, not the punching incident that occurred on November 25, 2011.