NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RAYMOND M. SHULSTAD, )
)
        Appellant, )
)
v. )    Case No. 2D15-941
)
MITZI A. SHULSTAD, )
)
        Appellee. )
)

Opinion filed May 25, 2016.

Appeal from the Circuit Court for
Hillsborough County; Ashley B. Moody,
Judge.

Mark A. Neumaier, Tampa, for Appellant.

Bradley J. McDonald and Matthew E.
Thatcher of The Solomon Law Group, P.A.,
Tampa, for Appellee.


LaROSE, Judge.

       Raymond Shulstad appeals the Final Judgment of Dissolution of Marriage.

He raises four issues; we affirm, without further discussion, as to three. We write to

address his last issue: that the trial court erred in ordering Mr. Shulstad to maintain

$750,000 in life insurance coverage to secure his postdissolution support obligations.

Mitzi Shulstad properly concedes that the trial court erred in ordering an increase in Mr.

Shulstad's life insurance coverage. We reverse and remand for further proceedings on this issue.

The trial court may require a party to secure child support and alimony payments with life insurance coverage. However, "the record should contain evidence of the payor's insurability, the cost of the proposed insurance, and the payor's ability to afford the insurance." Lopez v. Lopez, 780 So. 2d 164, 165 (Fla. 2d DCA 2001); Gordon v. Gordon, 63 So. 3d 824, 827 (Fla. 5th DCA 2011) (holding that "there must be evidence in the record and findings by the court as to the cost of the insurance being required in order to establish that the obligor can obtain and afford such insurance coverage").

The trial court had evidence before it about the cost and ability of Mr. Shulstad to maintain his then-current $500,000 life insurance policy. The trial court had no evidence of the cost to increase and Mr. Shulstad's ability to pay for coverage of $750,000.

> Under the facts of the present case, the trial court did not abuse its discretion by requiring that the former husband maintain a life insurance policy to secure the alimony awarded to the former wife. However, the amount of the coverage which the former husband was ordered to maintain lacks a sufficient evidentiary basis—the record contains no evidence of the . . . cost of the proposed insurance, and, thus, the former husband's ability to pay that unspecified cost.

Zangari v. Cunningham, 839 So. 2d 918, 920 (Fla. 2d DCA 2003) (citing Lopez, 780 So. 2d at 164).

Affirmed in part, reversed in part, and remanded for further proceedings.

VILLANTI, C.J., and KHOUZAM, J., Concur.