IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MITRI FREIHA, FORMER
HUSBAND,

      Appellant,

v.

ROULA FREIHA, FORMER
WIFE,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4103

Opinion filed June 28, 2016.

An appeal from the Circuit Court for Duval County.
Charles W. Arnold, Jr., Senior Circuit Judge, and Steven M. Fahlgren, Judge.

William S. Graessle and Jonathan W. Graessle of William S. Graessle, P.A., Jacksonville, for Appellant.

Rebecca Bowen Creed of Creed & Gowdy, P.A., Jacksonville; and Dale G. Westling, Sr., Jacksonville, for Appellee.

DEMPSEY, ANGELA C., ASSOCIATE JUDGE.

      Appellant, the former husband, challenges six aspects of the trial court's final judgment of dissolution of his marriage: (1) the lack of a parenting plan that included a timesharing schedule; (2) the award of permanent periodic alimony to

the former wife; (3) the child support obligation ordered; (4) the continuation of the former husband's child support obligation beyond the child turning 18 years of age; (5) the distribution of the parties' assets and liabilities; and (6) the requirement that the former husband maintain a life insurance policy to secure the alimony and child support obligations.

We affirm the issues of alimony, the continuation of child support beyond the age of majority, and the distribution of the parties' assets and liabilities without comment. However, we determine the absence of a parenting plan which included a timesharing schedule amounted to fundamental error, and therefore reverse the final judgment for the trial court to enter such a timesharing schedule and to recalculate the former husband's child support obligation in consideration of the timesharing schedule. Additionally, we reverse the life insurance maintenance requirement because, although the trial court did not abuse its discretion in requiring the former husband to maintain a life insurance policy to secure the alimony and child support awarded to the former wife, the amount of coverage which the former husband was ordered to maintain lacks a sufficient evidentiary basis because the record contains no evidence of the availability or cost of the insurance or the former husband's ability to pay that unknown cost. See Kotlarz v. Kotlarz, 21 So 3d 892, 893 (Fla. 1st DCA 2009); Shulstad v. Shulstad, 41 Fla. L. Weekly D1219a (Fla. 2d DCA May 25, 2016).

The trial court, in the final judgment of dissolution of marriage, did order that the former wife would have majority timesharing of the parties' minor child, and we affirm that aspect of the judgment. However, the final judgment did not specify when the former husband would have a right to timesharing. Rather, the trial court ordered the former husband would "have timesharing at all reasonable times and places as the parties may agree. Thus far, there have been no 'issues or problems' with timesharing and the parties have structured periods that are consistent with the Husband's work obligations. This shall continue." No other language in the final judgment discussed the parties' rights as to timesharing.

Section 61.13(2)(b), Florida Statutes (2012), explicitly requires the parenting plan approved by a trial court "must, at a minimum, describe in adequate detail . . . the time-sharing schedule arrangements that specify the time that the minor child will spend with each parent." See also Munroe v. Olibrice, 83 So. 3d 985 (Fla. 4th DCA 2012). Here, rather than providing detailed timesharing arrangements, the trial court simply noted that the parties had not encountered any timesharing issues and should continue working together to create their own timesharing schedule. We hold the trial court's order did not meet the requirement of section 61.13(2)(b) that timesharing schedule arrangements be "describe[d] in adequate detail" and "specify the time that the minor child will spend with each parent."

However, as noted by the former wife, the former husband failed to preserve this issue for appellate review. A motion for rehearing must be filed with the trial court to challenge a final judgment's lack of sufficient findings of fact to allow meaningful appellate review, Owens v. Owens, 973 So. 2d 1169, 1170 (Fla. 1st DCA 2007); and, here, the former husband filed no motion for rehearing to challenge the lack of a timesharing schedule.

Issues that are not preserved may still be reviewed for fundamental error. "'Fundamental error, which can be considered on appeal without objection in the lower court, is error which goes to the foundation of the case or goes to the merits of the cause of action.'" Saka v. Saka, 831 So. 2d 709, 711 (Fla. 3d DCA 2002) (quoting Sanford v. Rubin, 237 So. 2d 134, 137 (Fla. 1970)).

During the evidentiary hearing in this case, the trial court noted that the parties' minor son was the focus of the case: "[B]ut for your son none of us would be sitting here. They would have settled this case a long time ago. It's a fairly simple case. When you put your son in this case it is the primary thing we are all focussing [sic] on and how's the best way for all three of you to carry on your lives and make sure he's properly cared for." Additionally, though the former wife proposed the "guideline visitation" schedule, the former husband requested additional timesharing with his son.

We find it was fundamental error for the trial court to fail to enter a parenting plan which included a detailed timesharing schedule when the trial court itself noted the child was the focal point of the dissolution proceedings and when timesharing was at issue in the case. For those reasons, we reverse the trial court's final order and remand for the trial court to include a detailed timesharing schedule pursuant to section 61.13(2)(b).

Because we reverse and remand for the entry of a detailed timesharing schedule, we also reverse on the issue of the child support obligation of the former husband. The case is remanded for the trial court to re-calculate that obligation pursuant to section 61.30(11)(b), Florida Statutes (2014), after it determines the appropriate number of overnights to award the former husband in the detailed timesharing schedule. The trial court should also make findings on the availability, cost, and the former husband's ability to pay for the life insurance in an amount sufficient to secure the alimony and child support obligations.

REVERSED and REMANDED for further proceedings consistent with this opinion.

WETHERELL and KELSEY, JJ., CONCUR.