IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SHAUNA ANN FROST,

     Appellant,

v.

JEROME JOHN FROST, JR.,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D17-0196

Opinion filed October 6, 2017.

An appeal from the Circuit Court for Columbia County.
Paul S. Bryan, Judge.

Stephen K. Johnson, Law Offices of Stephen K. Johnson, LLC, Gainesville, for
Appellant.

Christina Nieto Seifert, Lake City, for Appellee.

PER CURIAM.

The former wife challenges a final judgment of dissolution of marriage and
raises four issues on appeal. We affirm as to all four issues but write to explain that
the former wife did not properly preserve one issue for appellate review: whether
the trial court abused its discretion by not setting forth the steps the former wife

must take to restore unsupervised visitation with the minor child. As it was not preserved, we decline to reach the merits of whether the trial court should have addressed these steps.

During the entire course of this case, the former husband sought to limit the former wife's contact with the minor child to supervised visitation. The trial court wrote an extensive order explaining his reasons for only allowing supervised visitation, and those reasons were supported by competent, substantial evidence. The former wife, however, did not alert the trial court that she wanted the court to address the steps she could take to reestablish unsupervised visitation, either by filing a motion for rehearing or through any other means. This court has consistently held that absent fundamental error, we will not address legal issues not presented to the trial court. Freiha v. Freiha, 197 So. 3d 606 (Fla. 1st DCA 2016); Owens v. Owens, 973 So. 2d 1169 (Fla. 1st DCA 2007).

In Freiha, the appellant challenged the trial court's final order providing the appellee with the majority of time sharing without providing a parenting plan that included a time-sharing schedule. Id. at 607. We found that the appellant had not properly preserved the issue for appellate review because he had not raised the issue in a timely motion for rehearing. Id. at 608. However, we nonetheless reversed, finding that the trial court's total failure to address and adopt a time-sharing plan constituted fundamental error. Id. at 608-609.

2

The error in this case, if any, is not fundamental. Fundamental error is defined as "'error which goes to the foundation of the case or goes to the merits of the cause of action.'" Freiha, 197 So. 3d at 608 (quoting Saka v. Saka, 831 So. 2d 709, 711 (Fla. 3d DCA 2002)). To date, it does not appear that any court has held that a trial court's failure to adopt a reunification plan constitutes fundamental error.

This case is distinguishable from Freiha. Freiha involved a total failure to address the focal issue of the litigation. In this case, the trial court spent extensive time reviewing the issue of visitation. The court also ruled based on its extensive experience with the former wife, which was outlined in the order. Thus, there does not appear to be a total failure to make a decision concerning a critical issue; rather, the issue is more of a disagreement with the way in which the trial court ruled on the visitation issue. As such, there was no fundamental error in this case.

We, therefore, AFFIRM.

WOLF, OSTERHAUS, and KELSEY, JJ., CONCUR.