# Third District Court of Appeal

## State of Florida

Opinion filed June 17, 2026.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D25-1078
Lower Tribunal No. 24-204855-CC-20

————————

## Citizens Property Insurance Corporation,
Appellant,

vs.

## Elizabeth Diaz, et al.,
Appellees.

An Appeal from a non-final order from the County Court for Miami-Dade County, Gordon Murray, Judge.

Traub Lieberman Straus & Shrewsberry LLP, and C. Ryan Jones and David T. Burr (St. Petersburg), for appellant.

Law Office of Chad A. Barr, P.A., and Chad A. Barr and Dalton L. Gray (Altamonte Springs), for appellees.

Before SCALES, C.J., and LINDSEY and GORDO, JJ.

SCALES, C.J.

In this first-party insurance case, Citizens Property Insurance Corporation ("Citizens") appeals the trial court's May 6, 2025 nonfinal order that denies its December 17, 2024 motion to compel an appraisal.[1] The trial court determined that, in seeking appraisal for its insureds' covered loss, Citizens had failed to comply with its homeowner's insurance policy's clear and unambiguous requirement that a party's appraisal demand "shall include an estimate of the amount of any dispute that results from the covered cause of loss."[2]

---

[1] We have jurisdiction to review this nonfinal order, see Fla. R. App. P. 9.130(a)(3)(C)(iv), that we review de novo. See People's Tr. Ins. Co. v. Garcia, 263 So. 3d 231, 233 (Fla. 3d DCA 2019) (applying a de novo standard of review to a nonfinal order denying a motion to compel appraisal where the facts are undisputed).

[2] The subject policy's appraisal provision provides, in relevant part, as follows:

> 2. Appraisal.
>
> Appraisal is an alternative dispute resolution method to address and resolve disagreement regarding the amount of the covered loss.
>
> a. If you or an "assignee" of the Policy benefits, and we fail to agree on the amount of loss, either party may demand an appraisal of the loss. If you, an "assignee" of the Policy benefits, or we demand appraisal, the demand for appraisal must be in writing and shall include an estimate of the amount of any dispute that results from the covered cause of loss.

We affirm the challenged order because the record plainly evidences that Citizens's July 30, 2024 written demand for appraisal to its insureds failed to comply with the subject insurance policy's requirement that its appraisal demand include an estimate supporting its position with respect to the underlying dispute between the parties. See People's Tr. Ins. Co. v. Ortega, 306 So. 3d 280, 284 (Fla. 3d DCA 2020) ("The right to an appraisal is created by the insurance policy and cannot be triggered until both parties have complied with their contractual obligations.").[3]

---

b. The estimate in **2.a.** above shall include a description of each item of damaged property in dispute as a result of the covered loss, along with the extent of damage and the estimated amount to repair or replace each item.

[3] In this appeal, Citizens seeks what amounts to an advisory opinion regarding the interplay between its insurance policy's appraisal provision and the statutory requirement that an insurer respond to an insured's notice of intent to initiate litigation within ten business days of receiving the notice. See § 627.70152(4), Fla. Stat. (2024). We decline Citizens's invitation to delve into this area in the first instance. See Fernandez v. Gonzalez, 405 So. 3d 531, 532 n.1 (Fla. 3d DCA 2025).

Citizens also seeks a determination by this Court that Citizens's August 20, 2024 correspondence to its insureds, by itself, was sufficient to trigger an appraisal in this case. Because this argument was not presented to the trial court, we decline to address, much less decide, this issue in the first instance. See Hernandez v. Kissimmee Police Dep't, 901 So. 2d 420, 421 (Fla. 5th DCA 2005) ("It is the function of the appellate court to review errors allegedly committed by the trial court, not to entertain for the first time on appeal issues which the complaining party could have and should have, but did not, present to the trial court.").

Affirmed.