329 So.2d 352 (1976)
Theresa A. WHITELEY, Appellant,
v.
Frank W. WHITELEY, Jr., Appellee.
No. 75-884.
District Court of Appeal of Florida, Fourth District.
April 2, 1976.
Perry S. Itkin and Donald G. Korman of Kirsch & Mills, P.A., Fort Lauderdale, for appellant.
*353 James R. Eddy of Eddy, Spindler & Hughes, P.A., Pompano Beach, for appellee.
DOWNEY, Judge.
The final judgment of dissolution, as amended, which was entered in this cause, provided among other things:
1) That the appellant wife should have custody of the minor children of the parties.
2) The appellant should have exclusive possession of the marital domicile "for so long as she resides in said home with the children of the parties and remains unmarried; provided no other adult male, other than a member of the wife's family, shall be permitted to reside in said home premises."
3) The appellant was required to pay the mortgage, taxes, insurance, maintenance and upkeep on the home during her possession thereof.
4) Upon partition of the marital home appellant would "not be entitled to credit for any amounts expended by her for payments on the principal of the mortgage, or such improvements or repairs as may be made or such other expenditures as she might make in and about said premises."
The primary thrust of the assignments of error as argued in appellant's brief, is directed at the provisions of the final judgment which a) refused to give appellant any credit for the expenditures she was required to make for obligations pertaining to the marital domicile, and b) enjoined appellant from having any adult male other than a member of her family residing on the premises.
The marital domicile was jointly owned and so upon dissolution of the marriage each party became a tenant in common pursuant to statute. § 689.15, F.S. 1973. As co-tenants each is ultimately liable for his or her proportionate share of the obligations of the property, such as taxes and mortgages. Generally, if one co-tenant pays an obligation for which all are liable, he is entitled to have the other co-tenant pay his proportionate share. 8 Fla.Jur., Co-tenancy, § 12. But where the final judgment of dissolution of marriage awards one co-tenant the exclusive possession of the marital domicile and directs that co-tenant to pay all or some of the obligations of the property such as taxes, liens and repairs, the right of the co-tenant in possession to reimbursement from the other co-tenant is postponed until such time as the property is partitioned or otherwise sold. However, upon partition or other sale the tenant paying those obligations of the property is entitled to credit from the proceeds of the sale for the other co-tenant's proportionate share of those expenses. Lyons v. Lyons, Fla.App. 1968, 208 So.2d 137. In a recent dissolution of marriage case, Guthrie v. Guthrie, Fla.App. 1975, 315 So.2d 498, this court held that the trial court erred in not giving the wife credit at the time of sale of the jointly owned marital domicile for payments she made for obligations of the property during the time of her possession.
We thus conclude that it was error for the trial court to provide that upon partition of the property, appellant should have no right to reimbursement for the husband's proportionate share of the obligations of the property in question.
With regard to the provision of the final judgment prohibiting appellant from allowing any adult male to reside in the home unless a member of her family, we find no abuse of discretion. We say so because appellant's counsel in the trial court agreed to the imposition of such a provision.
For the foregoing reasons, on remand the trial court is directed to vacate paragraph 2 of the amendment to the amended *354 final judgment dated April 18, 1975, and as so modified the amended final judgment is affirmed.
WALDEN, C.J., and SCHULZ, GEORGE E., Associate Judge, concur.