602 So.2d 626 (1992)
Louise T. GREENBERG, Appellant/Cross Appellee,
v.
Henry M. GREENBERG, Appellee/Cross Appellant.
Nos. 90-1722, 90-1764.
District Court of Appeal of Florida, Fourth District.
July 8, 1992.
Rehearing Denied September 1, 1992.
Joel M. Weissman of Weissman and Chernay, P.A., and Jane Kreusler-Walsh and Barbara J. Compiani of Klein & Walsh, P.A., West Palm Beach, for appellant/cross appellee.
James R. Rich of the Law Office of James R. Rich, West Palm Beach, for appellee/cross appellant.
*627 PER CURIAM.
Appellant and cross appellant seek reversal of various trial court rulings contained in the final judgment of dissolution of marriage. Louise T. Greenberg (wife) asserts that the trial court erred in its equitable distribution plan, denial of alimony, and failure to award credits for the marital home expenses.
In his cross appeal, Henry M. Greenberg (husband) also objects to certain portions of the trial court's equitable distribution plan. According to the husband, the trial court erred in failing to consider the tax liabilities of his IRA and pension benefits and also erred in failing to award interest on part of his equitable distribution award. We affirm the case in all respects, except for three rulings made by the trial court.
After executing a prenuptial agreement, the parties were married in 1981. At the time the wife entered the marriage, she owned a home in Atlanta which she sold in 1986. During the course of the marriage, by agreement and practice, the parties had more than twenty-five separate and joint accounts at different times. When the parties moved to Florida, a marital home was purchased in Boca Raton and placed in the wife's name. Prior to the parties' 1988 separation, the majority of the Boca Raton home expenses were paid from joint accounts. After the separation, the wife paid all the Boca Raton home expenses, including the mortgage, from her own funds. As expected, the husband's IRA and pension benefits increased during the marriage.
On the issue of the stolen jewelry, the trial court awarded the husband one-half of the insurance proceeds received for the stolen jewelry and ordered the remaining insurance proceeds to be split equally between the parties. The husband concedes the evidence does not support this award. As a result, the husband is entitled to $18,563.19 instead of the $20,452.00 awarded by the trial court. Thus, the equitable distribution award should be modified by decreasing the wife's liability to the husband in the amount of $1,888.81.
We agree with the wife's contention that the trial court erred in failing to credit her for payments made on the mortgage, maintenance, and repair expenses of the Boca home from the time of the separation until the final judgment. See Guthrie v. Guthrie, 315 So.2d 498 (Fla. 4th DCA 1975). Therefore, upon remand the trial court should adjust any award accordingly.
With regard to the proceeds from the sale of the Atlanta home, the wife argues that the trial court erred in its equitable distribution plan by awarding the husband an amount equal to one-half of the sale proceeds. According to the wife, the appreciation on the Atlanta home was not a marital asset subject to equitable distribution but was derived from her separate premarital property that was protected by the parties' prenuptial agreement. Thus, the wife concludes she is entitled to an award of the entire sale proceeds.
In response, the husband argues that the appreciation on the wife's Atlanta home was not protected by the terms of the prenuptial agreement but became a marital asset subject to equitable distribution. Thus, he concludes that the award to him of one-half of the sale proceeds should be affirmed.
Although the parties raise interesting arguments and theories in support of their respective positions, none is dispositive of whether either party is entitled to an award of all or part of the sale proceeds received from the wife's Atlanta home. The problem with resolving this dispute is that neither party presented evidence to the trial court regarding the disposition of the sale proceeds.
Generally, in a dissolution action, the party seeking an award of a particular asset or amount of money has the burden of proving the origin of and tracing the disposition of the asset or award claimed. See Landay v. Landay, 429 So.2d 1197 (Fla. 1983); Terreros v. Terreros, 531 So.2d 1058 (Fla. 3d DCA 1988). Thus, we conclude that before the trial court could award either party all or part of the sale proceeds from the Atlanta home, the party seeking the award was required to present evidence tracing the history of the sale proceeds.
*628 In the instant case, neither party presented evidence of an identifiable asset that could be traced back to the sale proceeds nor did either party present evidence of what happened to the sale proceeds. Since neither party presented evidence tracing the history of the disposition of the sale proceeds, the trial court was without sufficient competent evidence to award either party an interest therein. As a result of this lack of evidence, the trial court reversibly erred in awarding the husband, as equitable distribution, an amount equal to one-half of the amount attributed to the appreciation of the wife's Atlanta home. Likewise, we also hold that the wife's failure to present substantial, competent evidence tracing the history of the sale proceeds precludes the trial court, on remand, from considering her argument that the sale proceeds are her separate property.
The other issues raised by the parties are meritless and require no discussion. In conclusion, we affirm the case in all respects, except we reverse the three trial court rulings addressed in this opinion. At its discretion, the trial court on remand may reconsider the entire equitable distribution plan, if the trial court deems it necessary.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
DOWNEY and GUNTHER, JJ., and WALDEN, JAMES H., Senior Judge, concur.