ON MOTION FOR REHEARING AND/OR CLARIFICATION

ROTHENBERG, Judge.
We deny the appellee’s motion for rehearing, grant the appellee’s motion for clarification, withdraw this court’s previous opinion dated November 15, 2006, and issue this opinion in its stead.
The wife, Tamara Garcia, appeals from portions of a final judgment of dissolution of marriage. We reverse and remand for entry of a final judgment consistent with this opinion.
The parties in this dispute were married for twelve years, and are the parents of a child who was eleven years old when the final judgment granting dissolution of their marriage was entered in 2005. At the hearing on the husband’s amended petition for dissolution of marriage, the husband, Nilo Hernandez, requested that the marital home be sold and the proceeds partitioned. The husband also sought a special equity in the marital home. In contrast, the wife sought the exclusive use and possession of the marital home until their minor child reaches the age of majority.
At the hearing, it was undisputed that in October 1992, the parties, in contemplation of marriage, decided to purchase a house for $27,000.00 which was completely uninhabitable. However, due to the husband’s negative credit history, the house was purchased by the wife and the husband’s sister. Although the house was not titled in the husband’s name, he contributed $8,000 for the down payment, whereas the wife contributed $1,000. After the property was acquired, the husband contributed approximately $23,000 to purchase materials that were used to renovate the house. In addition, both the husband and the wife spent months personally renovating the house, expending numerous hours of their personal labor. Upon completing the ren *659 ovations, the parties and the wife’s minor son moved into the house. Thereafter, the parties - married in September 1993 and had a child the following year. Throughout the marriage, the entire family lived in this house until the husband moved out when the parties separated. Following the separation, the wife continued to live in the house with the parties’ minor child and her child from a previous relationship, who was approximately seventeen years old at the time of the hearing. After the husband filed his petition for dissolution of marriage, the husband’s sister transferred her interest in the house to the husband.
At the time of the hearing, the wife was working as a manicurist in the marital home, earning approximately $1,400 per month, with $100 per month in expenses. In addition, the wife rents an efficiency in the marital home for $500 per month, and with the rental proceeds she is able to pay the entire mortgage payment.[1] On the other hand, a few weeks before the final hearing, the husband lost his job with the State of Florida, where he was earning approximately $26,000 per year, after his employer received an anonymous phone call indicating that the husband had not disclosed certain information on his employment application.
In the final judgment, the trial court ordered that the wife be the child’s primary residential parent. In calculating the husband’s child support obligation, the trial court found that the wife netted $1,300 per month, and imputed minimum wage [2] to the husband.[3] The trial court ordered that the husband pay $231.75 per month in child support.
The trial court also found that prior to and throughout the marriage, the parties have lived in the same house, and that this house was marital property. The trial court, however, found that the husband was entitled to a special equity based on the funds he contributed to purchase the marital home, the funds he contributed to purchase materials to renovate the marital home, and his personal labor in renovating the marital home, which the husband calculated at $17,000. The trial court, however, failed to consider the undisputed evidence that the wife also contributed numerous hours of labor in renovating the marital home, and that she contributed $1,000 for the down payment. Based on the husband’s contributions, the trial court awarded the husband a fifty percent special equity in the wife’s share of the marital home, which was worth $240,000 at the time of the final hearing, and ordered that the house be sold and the proceeds distributed accordingly.
Based upon the value of the home, prior to the calculation of the special equity, each party would be entitled to $105,404.30 upon the sale of the home and satisfaction of the mortgage. However, after computing the husband’s special equity, the husband’s share would increase to $158,106.45, while the wife’s share would decrease to $52,702.15. The trial court also ordered the wife to pay one-half of the husband’s *660 existing credit card balance of $5,980.96. Thus, upon the sale of the marital home, which 1) was purchased in contemplation of the parties’ marriage; 2) was purchased by the wife and the husband’s sister, not the husband; 3) the parties renovated pri- or to and during the marriage; 4) the parties raised their minor child in; 5) the parties and their child lived in for approximately thirteen years; and 6) was worth $240,000, the wife will receive $49,711.67, from which she will have to support herself, the parties’ minor child, and another child from a prior relationship with a monthly income, including child support, of approximately $1,500. Conversely, the husband will receive $161,096.93 from the sale and partition of the house.
In this appeal, the wife contends that the trial court erred in not addressing her request for exclusive use and possession of the marital home, and by ordering that the marital home be sold. We agree.
Although the trial court’s final order does not address the wife’s request for exclusive use and possession of the marital home, it is clear that the trial court denied her request as it ordered the parties to sell the marital home and distribute the proceeds. “[A]s a general rule, absent special circumstances, the primary residential parent should be awarded exclusive use and possession of the marital home until the youngest child reaches majority.” Martinez v. Martinez, 573 So.2d 37, 43 (Fla. 1st DCA 1990); see also Edgar v. Edgar, 668 So.2d 1059, 1061 (Fla. 2d DCA 1996)(“Where children are involved, the wife is entitled to exclusive possession of the marital home until the minor children reach majority.”); Dehler v. Dehler, 648 So.2d 819, 820 (Fla. 4th DCA 1995)(“The general rule is that absent compelling financial reasons, the custodial parent should be awarded the exclusive use and possession of the marital home until the minor children reach majority or become emancipated, or the former wife remarries.”); Cruz v. Cruz, 574 So.2d 1117, 1117-18 (Fla. 3d DCA 1990)(holding that “trial court should have allowed the wife to remain in the marital home until the youngest child reaches the age of majority, rather than having the home sold at the present time”).
In the instant case, the trial court did not specifically address the wife’s request for exclusive use and possession of the marital home, and made no findings that “special circumstances” or “compelling financial reasons” existed that would justify its denial of the wife’s request for exclusive use and possession of the marital home until the minor child reaches the age of majority. Moreover, a review of the record reflects that the trial court could not have made such a finding as the record is devoid of any evidence to support that conclusion. Although the husband demonstrated that he was unemployed on the date of the final hearing, he presented absolutely no evidence to suggest that he was incapable of obtaining gainful employment. In contrast, the wife, who works from the marital home as a manicurist, nets only $1,300 per month, and receives $231.75 in child support. We, therefore conclude that it would be wholly unreasonable to deny the wife, who is the custodial parent of the parties’ minor child, the exclusive possession of the marital home and to require a sale of the marital home under the circumstances presented herein. The minor child will be forced to move from the only house she knows, while the wife will be forced to support the minor child, herself, and another child from a previous relationship on approximately $1,500 per month. This especially makes no sense when the rental income produced by the efficiency in the marital home completely covers the current monthly mortgage pay *661 ment. As the husband has not presented any special circumstances which would negate the general rule that the custodial parent be awarded the use and possession of the marital home until their minor child reaches majority and in fact, there are compelling reasons for awarding the use of the home to the wife and minor child, we reverse the portion of the final judgment ordering that the marital home be sold, and remand for entry of a final judgment awarding the wife exclusive use and possession of the marital home until the minor child reaches the age of majority.
The wife also contends that the trial court erred in awarding the husband a special equity in the marital home. Based on the circumstances of this case, we agree.
In the instant case, the husband had the burden of establishing a special equity in the marital property as he was the party who was seeking the special equity. See Escudero v. Escudero, 739 So.2d 688, 692 (Fla. 5th DCA 1999). As the property was acquired in the wife’s name, a rebuttable presumption arises that the funds contributed by the husband were intended as a gift to the wife. In explaining the acquisition of the marital property, he testified as to the amounts he contributed, and he explained that the property was acquired in the wife’s name and his sister’s name, not in his name and the wife’s name, due to his credit history. Moreover, the undisputed evidence demonstrated that the parties were living together when the property was purchased, that the property was purchased in contemplation of their marriage, and that both parties contributed (and thus commingled) their non-marital assets to purchase the home they intended to live in, and in fact did live in for the entire duration of their twelve year marriage. In addition, it is undisputed that both parties contributed their labor in the remodeling of the home. Thus, the husband’s testimony was insufficient to rebut the presumption that the contributions he made were intended as a gift to the wife.[4] Therefore, we reverse the portion of the trial court’s order awarding a special equity in the marital home to the husband.
Finally, as stated earlier, we have reversed and remanded for entry of a final judgment awarding the wife exclusive use and possession of the marital home until the minor child reaches the age of majority. Therefore, upon remand, pursuant to section 61.077, Florida Statutes (2005), the trial court is to determine whether the husband is entitled to setoffs or credits upon the sale of the marital home. However, the trial court, as it did in the final judgment being appealed, is to give the wife the right of first refusal to purchase the property from the husband.
Reversed and remanded for entry of a final judgment consistent with this opinion.
FLETCHER, J., concurs.

. In addition to the monthly mortgage payment, property taxes and homeowner’s insurance on the house are approximately $400.00 per month.

. At his previous employment, the husband was earning approximately $26,000 per year, which equates to approximately $12.50 per hour based on a forty hour work week. At the time of the final hearing, Florida’s minimum wage was $6.15 per hour. There is no evidence in the record to suggest that the husband is not capable of earning more than minimum wage.

.The trial court also noted that even though there was no evidence that the wife made the anonymous phone call to the husband's employer, she had threatened to do so.

. Assuming that the husband would have successfully rebutted the presumption that his contributions were a gift to the wife, the husband would not be entitled to a special equity for his personal labor where the wife equally contributed her labor in renovating the house. See generally Shelow v. Shelow, 550 So.2d 43, 44 (Fla. 3d DCA 1989)("We reverse the special equity award on the settled law that a husband’s labor in constructing a home during the course of the marriage does not, alone, entitle him to a special equity in the jointly owned marital home.”).