961 So.2d 1010 (2007)
Elizabeth CINTRON, f/k/a Elizabeth King, Appellant,
v.
Roger KING, Appellee.
No. 4D06-3322.
District Court of Appeal of Florida, Fourth District.
July 11, 2007.
*1011 Craig A. Boudreau, West Palm Beach, for appellant.
No appearance for appellee.
*1012 POLEN, J.
Former wife appeals a final judgment of dissolution of marriage. We find merit in all three of appellant's points, and reverse and remand with directions to the trial court to modify the final judgment.
Elizabeth Cintron ("former wife") petitioned for dissolution of her marriage to Roger King ("former husband"), claiming the marriage was irretrievably broken. After a hearing on former wife's petition in which both parties appeared pro se, the trial court dissolved the marriage and found that other than the ownership of the jointly owned marital home, "the parties have successfully divided up all of their marital assets and debts." The court gave former husband full credit for all down payment monies, property tax payments, home improvement expenses and homeowner's insurance premiums tendered by him after former wife vacated the home. Former wife filed a motion for reconsideration and rehearing, but was denied relief.
On appeal, former wife argues (1) that the trial court erred in awarding former husband full credit for the tax payments, home improvement expenses and homeowner's insurance premiums which he made after she vacated the marital home; (2) that the court erred in awarding former husband a special equity for the down payments on the marital home where there was no finding as to the actual amount of the down payment and no finding regarding additional circumstances to overcome the presumption of a gift; and (3) that reversal is required because the trial court did not identify and value all marital assets and liabilities as required by section 61.075(3)(b), Florida Statutes (2005).
The standard of review of a trial court's determination of equitable distribution is abuse of discretion. Kovalchick v. Kovalchick, 841 So.2d 669, 670 (Fla. 4th DCA 2003).
(1) Award of 100 percent credit for taxes, home improvement expenses and insurance premiums on marital home
"Generally, if one co-tenant pays an obligation for which all are liable, he is entitled to have the other co-tenant pay his proportionate share." Whiteley v. Whiteley, 329 So.2d 352, 353 (Fla. 4th DCA 1976) (citation omitted). Whiteley determined that upon partition of the marital home, the wife was entitled to husband's proportionate share of expenses which she incurred during the pendency of the dissolution, including mortgage payments and "such improvements or repairs as may be made." Id. In Guthrie v. Guthrie, 315 So.2d 498 (Fla. 4th DCA 1975), on which Whiteley relied, this court found that the trial court abused its discretion in not directing that the wife be given credit at the time of sale of the marital home for mortgage interest, taxes, insurance, and repairs which she paid in excess of her one-half interest. Id. at 499. Likewise, in Abella-Fernandez v. Abella, 393 So.2d 40 (Fla. 3d DCA 1981), the court, recognizing that joint tenants share equal obligations in the marital residence and that the tenant meeting those obligations is entitled to one half credit upon the sale or partition of the residence, determined that the husband should be given proportionate credit for mortgage payments, taxes, insurance, utilities and minor repairs. Id. at 40.[1]
*1013 In this case, former husband and former wife jointly own the marital residence. Therefore, they are generally said to be jointly responsible for any obligations arising from the home, such as taxes, home improvement expenses and homeowner's insurance premiums. See Whiteley, 329 So.2d at 353. The trial court, however, granted former husband full credit for these expenses. While the award is not necessarily erroneous since courts have discretion to award a disproportionate share of expenses, see id., the court in this case did not explain why it gave former husband full credit, nor does the record provide justification for a disproportionate award. We therefore reverse and remand with instructions for the trial court to modify the award in accordance with the above authorities or to amend the final judgment to make clear why former husband is entitled to a lopsided award.[2]
(2) Special equity for down payment on the marital home
In Florida, all real property held by tenants by the entireties is presumed to be a marital asset regardless of who paid for it. § 61.075(5)(a)5, Fla. Stat. (2005). In order to overcome the statutory presumption, the party seeking a special equity has the burden of proving that a gift was not intended. Stough v. Stough, 933 So.2d 603, 607 (Fla. 1st DCA 2006); see also Robertson v. Robertson, 593 So.2d 491, 494 (Fla.1991). In the present case, the parties' home was jointly titled and thus enjoyed the presumption of marital property. See Stough, 933 So.2d at 607. Yet the trial court awarded former husband a special equity for a down payment on the marital home, presumably based upon evidence that former husband made the down payment with his nonmarital assets. This evidence alone was insufficient to prove that former husband did not intend a gift. See Zangari v. Cunningham, 839 So.2d 918, 921 (Fla. 2d DCA 2003) (finding that, standing alone, evidence that one party made the down payment for the parties' marital home with his nonmarital assets was insufficient to prove that the party did not intend a gift) (citation omitted). Therefore, we find that the trial court abused its discretion in awarding former husband a special equity in the jointly titled marital home because there is no record evidence that he overcame the statutory presumption by demonstrating that a gift was not intended.
As explained by Cattaneo v. Cattaneo, 803 So.2d 889 (Fla. 5th DCA 2002), however, the above does not mean that former wife is necessarily entitled to fifty *1014 percent of the value of the down payment. See id. at 891 (stating that trial court must consider the factors of section 61.075(1) factors in making a proper equitable distribution). Thus, we instruct the lower court on remand to reevaluate the equitable distribution of the marital home accordingly.
We also find that the trial court erred in not applying the Landay formula in determining former husband's special equity. See Landay v. Landay, 429 So.2d 1197, 1199 (Fla.1983). "Landay mandates the formula to be used where non-marital assets are used by a spouse as a portion of the consideration for the entireties' property." Whalen v. Whalen, 937 So.2d 775, 776 (Fla. 4th DCA 2006). "[I]n addition to that spouse's automatic one-half share, the contributing spouse acquires a special equity in the property equal to one-half the ratio which that spouse's contribution bears to the entire consideration." Landay, 429 So.2d at 1200. "In other words, the starting place is a fifty/fifty split or automatic half interest. The formula is then used to `carve out from the other spouse's interest in the property his or her special equity.'" Whalen, 937 So.2d at 776. The formula is: (.5) (down payment / purchase price) = special equity percentage. Id.
Since the trial court here did not provide a value for the down payment and the final judgment makes no mention of the Landay formula, it is unclear whether the court used the formula in determining the special equity. Therefore, we instruct the trial court to utilize the formula should it determine that a special equity for the down payment is still appropriate after reevaluating the equitable distribution of the marital home. When applying the formula, the trial court should attach a value to the down payment and clearly indicate the value in its judgment. See § 61.075(3)(b), (d), Fla. Stat. (2005) (requiring trial court identify and value marital assets and liabilities and make "[a]ny other findings necessary to advise the parties or the reviewing court of the trial court's rationale for the distribution of marital assets and allocation of liabilities").
(3) Whether the trial court failed to value assets and liabilities
Lastly, we find that reversal is required because the trial court did not identify and value all marital assets and liabilities as required by section 61.075(3)(b), Florida Statutes (2005). In a contested dissolution such as the one here, the trial court must identify and value all marital assets. § 61.075(3)(b), Fla. Stat. (2005). In this case, the trial court valued the marital home and certain expenses former husband incurred in maintaining the home after the parties' separation. However, in referring to all other marital assets, the court stated, "Other than ownership of the jointly owned marital residence, the parties have successfully divided up all of their marital assets and debts." This blanket statement did not satisfy the court's duties under Chapter 61.[3] Thus, we instruct the trial court on remand to make the necessary statutory findings.
Based on the foregoing, we reverse and remand for the trial court to modify and amend its rulings. The court in its discretion may hear additional testimony on the above matters.
*1015 Reversed and Remanded with Instructions.
STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] See also Sheehan v. Sheehan, 943 So.2d 818, 821 (Fla. 4th DCA 2006) ("When a husband and wife are jointly responsible for the mortgage on real property and one spouse pays the entire mortgage during the pendency of the dissolution, as part of the judgment of dissolution, the paying spouse is entitled to credit for half the total payments made.") (emphasis added); Greenberg v. Greenberg, 602 So.2d 626, 628 (Fla. 4th DCA 1992) (ruling that the trial court erred in failing to credit former wife for one half of payments made on the mortgage, maintenance, and repair expenses of the marital home from the time of the separation until the final judgment) (emphasis added); Benz v. Benz, 557 So.2d 124, 126 (Fla. 3d DCA 1990) (finding spouse who made mortgage and tax payments was entitled to be compensated to one half credit for other spouse's obligation only) (emphasis added); Golden v. Golden, 410 So.2d 945, 946 (Fla. 3d DCA 1982) (determining former husband was entitled to half the amounts he expended for mortgage payments, taxes, insurance, utilities and repairs) (emphasis added).
[2] We also note that in finding former husband and his family paid for $13,610.38 in improvements on the marital home, the trial court failed to explicitly determine whether that expense was incurred during or subsequent to the intact marriage; whether the source of funds was the product of marital labor or a gift to one or both parties; or if the improvements were done with the advice or consent of former wife. We direct the court to amend the final judgment to include more detailed findings and make clear whether the home improvement is a marital asset.
[3] We can envision a case where there is no issue on appeal as to whether there has been an equitable distribution of marital assets and liabilities. In such a case, it might be permissible for a final judgment to simply note: "the parties have mutually agreed on a division of assets," notwithstanding the statutory mandate. That is not the case here, and such would no doubt be an exception to the rule.