SCHWARTZ, Senior Judge.
 

 Considering the appropriate and what we find to be the correct concession of the Department of Children and Families, and even though the imprisoned respondent father is literate only in that language, we conclude that the trial court’s order in this dependency proceeding that, before its motions may be heard, the Guardian ad Li-tem Program must provide Spanish translations of its “Motion for Best Interest Finding” and its request for an “Order for the Department to Provide an Adoption Case Plan,” is not justified by the law. See
 
 Jimenez-Ramos v. U.S.,
 
 2008 WL 227975, at *5 (M.D.Fla. Jan.25, 2008) (“Jimenez-Ramos has cited no law, and there is no law, requiring the Court to provide Jimenez-Ramos copies of the pleadings translated into Spanish.”); compare § 39.6011(2), Fla. Stat. (2007) (“The case plan must be written simply and clearly in English and, if English is not the principal language of the child’s parent, to the extent possible in the parent’s principal language.”); § 443.151(8)(a), Fla. Stat. (2007) (“The Agency for Workforce Innovation shall provide printed bilingual instructional and educational materials in the appropriate language in those counties in which 5 percent or more of the households in the county are classified as a single-language minority.”).
 

 As the Department says,
 

 [pjursuant to § 90.606, Fla. Stat. (2010), when the lower court makes the determination that a witness cannot understand English, the court orders an interpreter. Thus, the appropriate measure is to have the Father present in court [by telephone or in person] where an interpreter can translate the pleading.
 

 As in every other legal situation, a trial court may not, in effect, restrict a litigant’s access to the court, by imposing a condition not authorized by law — in this case a costly one — just because she thinks it is a good idea or the “fair” thing to do.
 
 [1]
 
 See
 
 Republic Fed. Bank, N.A. v. Doyle,
 
 19 So.3d 1053, 1054 (Fla. 3d DCA 2009), and cases cited.
 

 Accordingly, the application for certiora-ri is granted and the order under review is quashed.
 

 [1]
 

 . Even though it may well be so.