NORTHCUTT, Judge.
 

 William Belford appeals the final judgment dissolving his marriage to Deborah Belford. He challenges portions of the property distribution that charged him with dissipating marital assets. We reverse because the evidence failed to prove misconduct on Mr. Belford’s part.
 

 The case was heard by a general magistrate who prepared a report and recommendation, which the circuit court adopted after hearings on the parties’ exceptions. At Ms. Belford’s urging, the magistrate found that Mr. Belford depleted marital assets after the parties separated. The magistrate accounted for these depleted assets in the recommended equitable distribution scheme by charging Mr. Belford with $44,678 that had been withdrawn from marital IRAs and classifying as Mr. Belford’s nonmarital debt $44,279 that had been borrowed from the parties’ equity line of credit. All of the funds from both sources were spent during the parties’ separation.
 

 These dispositions were based on the magistrate’s determination that Mr. Bel-ford’s postseparation spending was “in excess of the reasonable and necessary living expenses he paid for both parties” and was “for his sole use and benefit.” Nevertheless, the magistrate concluded that “there is not substantial competent evidence that [the dissipation of assets] was willful, deliberate or intentional.”
 

 This aspect of the final judgment was erroneous for two reasons. First, the magistrate’s finding that Mr. Belford had spent marital funds and incurred marital debt for nonmarital purposes was unsupported by evidence. To be sure, Ms. Bel-ford asserted her belief that Mr. Belford was “shoving the money to Mexico for some time,” but she offered no proof in support of that speculation. Mr. Belford denied the allegation and outlined his use of the funds for marital purposes. Second, the magistrate’s conclusion that the dissipation was not intentional should have resolved the issue in Mr. Belford’s favor.
 

 In the absence of misconduct, it is error to charge to a party’s share of equitable distribution assets that were dissipated during the dissolution proceedings.
 
 Roth v. Roth,
 
 973 So.2d 580, 584-85 (Fla. 2d DCA 2008). Likewise, in the absence of misconduct, it is error to classify marital debt as one party’s nonmarital obligation.
 
 Branch v. Branch,
 
 775 So.2d 406 (Fla. 1st DCA 2000). Misconduct is not shown by “mismanagement or simple squandering of marital assets in a manner of which the other spouse disapproves.”
 
 Roth,
 
 973 So.2d at 585. Rather, there must be a specific finding of intentional misconduct based on evidence showing that the marital funds were used for one party’s “own benefit and for a purpose unrelated to the marriage at a time when the marriage is undergoing an irreconcilable breakdown.”
 
 *1261
 

 Id.
 
 (quoting
 
 Romano v. Romano,
 
 632 So.2d 207, 210 (Fla. 4th DCA 1994)).
 

 On remand, the equitable distribution shall be refashioned without consideration of the $44,678 that was withdrawn from the IRAs and spent. Further, the $44,279 home equity line debt shall be classified as a marital obligation and factored into the equitable distribution so as to evenly distribute it between the parties. The simplest approach might be to adjust Mr. Belford’s equalizer payment, but we leave the choice of how best to adjust the equitable distribution to the circuit court’s discretion.
 

 Reversed and remanded.
 

 WHATLEY and MORRIS, JJ., Concur.