PALMER, J.
Alberto David (husband) appeals the final order entered by the trial court dissolving his marriage to Loretta David (wife). We affirm in part and reverse in part.
The husband filed a petition to dissolve the parties’ marriage and the wife counter-petitioned. There were no children born of the marriage, so all issues tried were financial. Ultimately, the trial court entered a 32-page final dissolution judgment. The husband raises ten points on appeal, most of which are without merit.
*338 First, the husband argues that the final judgment must be reversed because the trial court adopted verbatim the wife’s proposed final judgment. We disagree.
In this case, each party submitted a proposed final judgment setting forth his or her desired resolution of the case and the opposing party was provided time to respond. The final judgment entered by the trial court, although not a verbatim adoption of the wife’s proposed final judgment, was substantially similar to said judgment. Yet, the judgment was not inconsistent with any verbal rulings of the trial court, and there is no indication that the trial court did not remember the case or did not exercise independent judgment entering the dissolution order. As such, we find no reversible error related to the trial court’s entry of its final judgment. See Ross v. Botha, 867 So.2d 567 (Fla. 4th DCA 2004).
The husband next argues that the trial court erred in failing to include sufficient findings of fact in the final dissolution judgment. However, the husband failed to preserve this error for appellate review because he did not file a motion for rehearing in the trial court raising the alleged inadequacy of factual findings. See Mathieu v. Mathieu, 877 So.2d 740 (Fla. 5th DCA 2004).
Next, the husband contends that the final dissolution judgment must be reversed because the trial court erred in distributing the parties’ marital property. The husband first argues that the trial court “lacked the jurisdiction” to enter an unequal distribution of the parties’ assets and liabilities because the wife did not plead for unequal distribution in her counter-petition. However, the husband fails to cite any statutory or case law which supports this argument and, in fact, section 61.075(1) of the Florida Statutes (2007) expressly authorizes trial courts to enter an unequal distribution of marital assets and liabilities based upon relevant factors. As such, we reject this claim as meritless.
The husband also argues that the trial court abused its discretion in unequally dividing the marital credit card debt solely based upon the parties’ relative incomes. We agree.
In the final dissolution judgment, the trial court explained that the wife presented evidence demonstrating that, at the time the parties married, she had credit card debt totaling $1,854.59, and that on the date of separation the debt had climbed to $81,928.60. The court then noted that the legal presumption is that debts incurred during the marriage are marital debts, and that the husband did not present any evidence to rebut this presumption. The court then ruled that, based on the parties’ earning abilities, the husband was responsible for paying 91.6% of the marital debt on the wife’s credit cards while the wife was responsible for paying 8.4% of the debt.
Section 61.075 of the Florida Statutes (2007) requires trial courts to either distribute marital liabilities equally or to make findings of fact justifying an unequal distribution. Our courts have approved unequal distribution when the evidence establishes misconduct, such as intentional waste or depletion of marital assets. See Belford v. Belford, 51 So.3d 1259 (Fla. 2d DCA 2011); Santiago v. Santiago, 51 So.3d 637 (Fla. 2d DCA 2011); Jonsson v. Jonsson, 715 So.2d 1064 (Fla. 5th DCA 1998). However, disparate earning abilities cannot, without more, justify unequal distribution of marital assets and liabilities. Dease v. Dease, 688 So.2d 454 (Fla. 5th DCA 1997). Accordingly, we reverse the trial court’s distribution of the parties’ marital credit card debt.
*339 The husband further argues that the trial court abused its discretion in awarding the wife one-half of the value of the husband’s dental practice. However, in his proposed final judgment, the husband suggested that the trial court distribute the appreciation in value of the dental practice equally between the parties. Since the husband recognized that the wife was entitled to receive a one-half interest in the appreciated value of the dental practice he cannot successfully argue on appeal that the wife failed to sustain her burden of proof on this issue. Further, the record contains competent substantial evidence to support the valuation of the practice as determined by the trial court.
The husband also argues that the trial court reversibly erred in failing to consider the tax consequences related to the distribution of the wife’s interest in the dental practice, claiming that the court’s ruling unnecessarily requires the husband to incur capital gains taxes. We disagree.
The only evidence regarding tax consequences resulting from the entry of a final dissolution judgment was tendered by the husband’s accountant who explained that if the husband were ordered to pay the wife her interest in the dental practice immediately the husband would suffer adverse tax consequences. The accountant testified that the least adverse tax method would be a payment made over time instead of a lump sum payment. The record suggests that the trial court did consider this testimony since the trial court did not direct the husband to make a lump sum payment to the wife. Instead, the trial court’s dissolution order offered the husband a variety of options in order to pay the wife her interest in the dental practice, including the options of refinancing, using funds derived from the sale of the parties’ other real estate, or making installment payments.
The husband next argues that the trial court erred in granting the wife a $51,683.28 special equity interest in the parties’ marital residence. We agree.
In Zangari v. Cunningham, 839 So.2d 918 (Fla. 2d DCA 2003), the Second District explained:
In Florida, there is a presumption that entireties real property is marital property regardless of who paid for it. § 61.075(6)(a)(5), Fla. Stat. (2001). In order to overcome the statutory presumption, the party seeking a special equity has the burden of proving that a gift was not intended. See Robertson v. Robertson, 593 So.2d 491 (Fla.1991).
Importantly, standing alone, evidence that one spouse provided non-marital funds to purchase a marital home is insufficient to prove that the spouse did not intend a gift. Cintron v. King, 961 So.2d 1010 (Fla. 4th DCA 2007).
Here, the marital home was jointly titled and, therefore, it was presumed to be marital property. Neither party presented any testimony indicating that the wife’s use of her non-marital funds towards the purchase of the marital home was not intended to be a gift. Therefore, the trial court’s award of a special equity to the wife was error. See Garcia v. Hernandez, 947 So.2d 657 (Fla. 3d DCA 2007).
The husband next argues that the trial court abused its discretion in awarding the wife permanent periodic alimony, claiming that the award makes him unable to pay even his most basic expenses, and further claiming that rehabilitative alimony should have been awarded. We disagree.
First, the husband’s argument that the trial court should have entered an award of rehabilitative, rather than permanent, alimony is without merit because the rec *340 ord demonstrates that neither party presented any evidence of a rehabilitative plan. See Lovell v. Lovell, 14 So.3d 1111 (Fla. 5th DCA 2009). Further, the argument that the husband is unable to maintain his lifestyle if he pays the wife the amount of alimony ordered by the court is not supported by the record.
The husband next argues that the trial court abused its discretion in requiring him to obtain a life insurance policy, with the wife as the designated beneficiary, to secure his alimony obligation. He maintains that there is no evidence in the record to support the imposition of such an obligation. We agree. Neither party presented any evidence concerning the need to secure the alimony obligation, the husband’s insurability, the cost of the proposed insurance, or the husband’s ability to afford the insurance. As such, the obligation must be stricken. See Rashid v. Rashid, 35 So.3d 992 (Fla. 5th DCA 2010); Child v. Child, 34 So.3d 159 (Fla. 3d DCA 2010).
The husband lastly argues that the trial court reversibly erred by entering an award of attorney’s fees in favor of the wife. We disagree. The husband’s proposed final judgment specifically stated: “Based upon his superior income, Husband shall pay Wife’s reasonable attorneys fees and costs incurred in these proceedings.” This proposed order operates to bar the husband from now claiming that the trial court erred in awarding the wife attorney’s fees.
Additionally, the evidence of record supports the award. During the hearing before the general magistrate the wife testified that she did not have the ability to pay her fees. She also identified her attorneys’ fee bill, and the bill was admitted into evidence. The magistrate thereafter issued a recommended order stating that, based on the evidence presented, the husband was in a financially superior position to pay attorney’s fees and that the wife was in need of assistance in paying her attorneys’ fees. The magistrate also held that the claimed hours were reasonable as was the hourly rate. The magistrate expressly noted that the husband was “given the opportunity to cross-examine the wife’s attorney at the hearing and the husband declined to ask any questions about the legal fees.” On this record, competent evidence exists to support the trial court’s ruling ordering the husband to pay the wife’s attorney’s fees.
In summary, we reverse the trial court’s dissolution judgment and remand for the trial court to reconsider the distribution of the parties’ marital credit card debt, to remove the special equity granted to the wife, and to remove the life insurance requirement. The tidal court must also revisit the entire equitable distribution scheme entered in this case to determine what is a fair and just distribution of assets and liabilities in light of this opinion. See Noah v. Noah, 491 So.2d 1124 (Fla.1986); Van Den Berg v. Van Den Berg, 49 So.3d 283 (Fla. 5th DCA 2010).
AFFIRMED in part, REVERSED in part, and REMANDED.
GRIFFIN and SAWAYA, JJ., concur.