RAMIREZ, J.
 

 Yolimar Jurasek appeals the entry of a final judgment awarding her former husband, Robert Jurasek, a “special equity” in the parties’ jointly owned marital residence and the denial of her request for attorney’s fees. We reverse the entry of judgment on both issues.
 

 The parties petitioned for a dissolution of their seven-year marriage. Prior to the final hearing, the parties amicably resolved nearly all issues regarding their marital assets and liabilities. The issue placed before the trial court involved the parties’ marital residence in Miami Beach and the associated mortgage encumbrance, as to which the husband asserted his entitlement to a “special equity.”
 

 Prior to purchasing the Miami Beach apartment, the parties purchased an apartment in Delray Beach, Florida, which they titled in their joint names. Approximately one year later, the husband’s father was in a serious car accident, which made it necessary for him to move in with the parties. The husband’s father received $900,000 as part of an insurance settlement agreement related to his accident. A portion of these funds was then used by the parties to purchase the larger Miami Beach apartment.
 

 On September 17, 2004, the husband and the wife jointly purchased a cashier’s check in the amount of $899,987.86. When the wife asked the husband where the money came from, he replied that his father had given it to them so they could buy their new home. That same day, the parties attended the closing at which the warranty deed was issued to them as joint owners and tenants by the entireties of the Miami Beach condominium.
 

 Upon selling their Delray Beach apartment, the husband told the wife that they owed his father $200,000 because the $400,000 used to purchase their home was comprised of a $200,000 gift, an “advance” on the husband’s inheritance, and a $200,000 loan. He then told the wife that they were going to use $50,000 of the Delray Beach proceeds to repay his father and borrow an additional $150,000 to repay the balance. Accordingly, they paid $50,000 to the husband’s father and jointly borrowed $150,000 to repay the asserted loan.
 

 
 *1212
 
 The issue of the Miami Beach apartment was submitted to the trial court when determining the division of marital property. In the final judgment, the trial judge awarded the former marital residence entirely to the husband and required that he pay the wife a total sum of $17,467. This sum represents the wife’s entire interest in the home after the husband’s “special equity.” Additionally, despite the parties’ stipulation that the issue of the wife’s fee request would be determined at a subsequent hearing, the trial court denied attorney’s fees to the wife on the basis of the husband’s purported lack of ability to pay. The wife then appealed.
 

 We agree with the wife that the trial court erred and abused its discretion in awarding the husband a “special equity” in the parties’ jointly owned marital residence. The husband contends that he has greater entitlement to the parties’ jointly titled home based on his investment of his share of his inheritance fund in the marital home. This argument is insufficient as a matter of law. “Special equity” was abolished in 2008 and was replaced by the term, “a claim for unequal distribution” of marital property.
 
 See
 
 § 61.075(11) Fla. Stat. (2008). The husband argued that the prior doctrine of “special equity” should still apply because the amendment occurred after his case was filed and should only have prospective application.
 

 We decline to address whether the 2008 legislative amendment was prospective in application. Under either standard of “special equity” or “a claim for unequal distribution,” the husband failed to meet his burden of proof. He had to overcome the statutory presumption that jointly titled real estate is marital property and that he did not intend to make a gift to the wife by the act of permitting the title to the home to be made in the joint names of the parties.
 
 See
 
 § 61.075;
 
 Stough v. Stough,
 
 18 So.3d 601, 605 (Fla. 1st DCA 2009). The record reflects that he made no such showing. Although the husband presented ample evidence that the father made a loan to the husband and that he was using his inheritance money to purchase the property, he never explained why or how the act of jointly titling the home purchased with those funds constituted anything other than a gift from him to the wife.
 

 It is irrelevant how the funds were received or how much each party contributed.
 
 See David v. David,
 
 58 So.3d 336 (Fla. 5th DCA 2011). In
 
 David,
 
 the court found that “standing alone, evidence that one spouse provided non-marital funds to purchase a marital home is insufficient to prove that the spouse did not intend a gift.”
 
 Id.
 
 at 339.
 
 See also Cintron v. King,
 
 961 So.2d 1010, 1013 (Fla. 4th DCA 2007);
 
 Zangari v. Cunningham,
 
 839 So.2d 918, 921 (Fla. 2nd DCA 2003);
 
 Ray v. Ray,
 
 624 So.2d 1146, 1148 (Fla. 1st DCA 1993). The husband did not adequately show that the money used to purchase the jointly-titled property was not meant as a gift to the wife as section 61.075 requires. Accordingly, we reverse.
 

 In addition, the trial court further erred when it denied an award of attorney’s fees to the wife where the court and the parties had agreed that all issues pertaining to the wife’s request for fees would be reserved and heard at a subsequent hearing. Where the parties stipulate that the court will reserve the issue of attorney’s fees to be decided at a subsequent hearing, such an agreement is binding upon the court and ruling on the issue contrary to the stipulation is erroneous.
 
 See Kartzmark v. Kartzmark,
 
 709 So.2d 583, 587 (Fla. 4th DCA 1998);
 
 Flores v. Flores,
 
 666 So.2d 605, 605 (Fla. 5th DCA 1996).
 

 
 *1213
 
 In sum, we reverse the entry of final judgment awarding the husband a “special equity” in the parties’ jointly owned marital residence and remand to the trial court for further proceedings consistent with this opinion. We also reverse the final judgment denying attorney’s fees to the wife and remand for the trial court to conduct a hearing on the wife’s request for attorney’s fees.
 

 Reversed and remanded.