SCHWARTZ, Senior Judge
(dissenting in part, specially concurring in part).
I.
In this appeal from a final dissolution judgment, I disagree with affirmance of the trial court’s “equitable” distribution of the husband’s half interest in the couple’s marital home, which was held by the en-tireties, to the wife. It is undisputed that, after the husband’s family provided the funds for the purchase of the residence, the wife’s father did so. The law is clear
(a) that the titling of the property in the parties’ names as tenants by the entireties during the marriage renders the home “marital property” subject to equitable distribution, see § 61.075(6)(a)2., Fla. Stat. (2010); Jurasek v. Jurasek, 67 So.3d 1210, 1212 (Fla. 3d DCA 2011); David v. David, 58 So.3d 336, 339 (Fla. 5th DCA 2011), review denied, 75 So.3d 1244 (Fla.2011);
(b) that doing so raises a presumption that the transfer was a gift to both parties, see Júrasele, 67 So.3d at 1212; David, 58 So.3d at 339, which it is also clear, was not rebutted in any way; and (c) that the similar presumption that marital property is to be distributed on an equal basis, § 61.075(1), Fla. Stat. (2010), also arose and was also uncountered by any cognizable basis for the supremely inequitable distribution which occurred below.
The trial court based its ruling, however, on the idea that the award was simply a matter of equity[1] because the father stated that he intended to give the entire interest in the property to the wife (notwithstanding the manner in which the property was titled) and that, as reflected in his will, which divided his property equally among his other children and left out the appellee, he also intended that the home stand in the place of what he would have otherwise given or left to her.[2],[3]
There are two, definitive I think, answers.
(1) It is a settled principle that the courts may not, as the trial judge did here, exalt its own view of the equities of the situation over the demands of established law which are clearly to the contrary.
[Njeither the ground of fairness nor “the ‘ground’ of benevolence and compassion ... constitute^] a lawful, cognizable ha- *251 sis for granting relief to one side to the detriment of the other, and thus cannot support the order below: no judicial action of any kind can rest on such a foundation.”
Phoenix Holding, LLC v. Martinez, 27 So.3d 791, 793 (Fla. 3d DCA 2010) (quoting Republic Fed. Bank, N.A. v. Doyle, 19 So.3d 1053, 1054 (Fla. 3d DCA 2009)); see TBOM Mortg. Holding, LLC v. Brown, 59 So.3d 322, 323 (Fla. 3d DCA 2011) (holding that “it is established ... that the trial court is not free to refuse to follow the law because of some personal disinclination or otherwise”); Guardian Ad Litem Program v. O.R., 45 So.3d 974, 974 (Fla. 3d DCA 2010) (holding that “a trial court may not ... impos[e] a condition not authorized by law — in this case a costly one-just because she thinks it is a good idea or the “fair” thing to do”).
(2) Even if the contrary principle could be accepted, it is the complete opposite of equity to indulge the estate planning of the donor (which, of course, was in any case entirely subject to change at any time at his whim) by depriving the husband of his established interest in valuable property.
II.
I do agree with the ruling, also challenged by the husband, which awarded alimony to the wife in a nominal amount. See Purrinos v. Purrinos, 34 So.3d 244 (Fla. 3d DCA 2010); Gulbrandsen v. Gulbrandsen, 22 So.3d 640, 645 n. 8 (Fla. 3d DCA 2009); Lightcap v. Lightcap, 14 So.3d 259, 260 (Fla. 3d DCA 2009).

. The final judgment states: "This is a court of equity and must do what is right. The Husband is no worse off than he was prior to the Wife’s father’s purchase of the marital home.... It would not be fair to give him 50% of her devise, then dissolve the marriage giving her no claim to his expected substantial inheritance.” Final Judgment at ¶ 6(e).
The Order on Motion for Rehearing and Clarification states: "Equity requires the unequal distribution of the marital home to the Wife as her predetermined inheritance that was fully paid for by her parents. It would be unjust to equally distribute the short term marital asset between the parties as this is her inheritance and she is barred from seeking any portion of his inheritance.” Order at H8(j).

. The final judgment provides: “The uncon-troverted testimony revealed that it was the Wife's father’s testamentary intent to purchase the home for her and her alone. Her father’s will clearly announced his intentions and this portion was admitted[1] with Er-hardt’s blessings.” Final Judgment at ¶ 6(c). Footnote 1 states, in pertinent part: "Section E of his Will provides for Gift Equalization Bequests at Death of Last Spouse to Die. Contained therein, are the sentences, ‘For purposes of this provision, if we gift our residence to WILLIAM, based upon contemporaneous appraisal, it shall be deemed to have a gift value of $398,000. In addition, we are hoping to assist our daughter, GRETCHEN N. HEDMAN, purchase a residence in Florida. We intend that our three children be treated equally, notwithstanding such gifts.’ ”

.In an order on rehearing, the court characterized the wife's interest as a "predetermined inheritance,” an expression previously unknown to the law and one which should have stayed that way.