NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CYNTHIA J. BRO,                          )
                                         )
            Appellant,                   )
                                         )
v.                                       )          Case No. 2D18-31
                                         )
KEITH BRO,                               )
                                         )
            Appellee.                    )
_____)

Opinion filed December 14, 2018.

Appeal from the Circuit Court for
Hillsborough County; Chet A. Tharpe,
Judge.

Ingrid Anderson, Clearwater, for Appellant.

No appearance for Appellee.


KHOUZAM, Judge.

        Cynthia J. Bro appeals the amended final judgment of dissolution of her

marriage to Keith Bro.[1]  We reverse and remand for the trial court to reconsider the

equitable distribution scheme.

_____

        [1]Mr. Bro filed a notice of cross-appeal.  But after he failed to file an
answer/cross-initial brief, this court dismissed the cross-appeal and proceeded without a
brief from Mr. Bro.

The parties were married in St. Petersburg, Florida, on November 26, 2005. They separated on or about July 8, 2014. Ms. Bro filed a petition for dissolution on July 18, 2014, and Mr. Bro filed a counter-petition shortly thereafter. Two children were born of the marriage: A.E.B., a boy born in 2007, and A.C.B., a boy born in 2009. During the marriage, the parties owned and operated multiple businesses, including CK Holdings, LLC, a real estate holding company that owned an office/warehouse facility. Ms. Bro, a certified public accountant, also had her own accounting firm.

The parties resolved all issues related to parental responsibility and timesharing in an agreed-upon parenting plan, which the court ratified. They also entered into a partial marital settlement agreement, which was approved by the court and resolved much of the equitable distribution of their assets and liabilities. However, the agreement left open several issues for the court to address, including the distribution of CK Holdings as well as the parties' prior federal income tax refunds and liabilities.

A final evidentiary hearing was held on October 9, 2017, and the amended final judgment of dissolution of marriage was entered on December 14, 2017. As to CK Holdings, the court ordered the business's property to be sold and the proceeds to be distributed between the parties. As to tax refunds and liabilities, the court found that the $55,119.67 refund Ms. Bro received from her personal tax return in 2013 was a marital asset and that Mr. Bro was entitled to a portion of it. Ms. Bro argues on appeal that both of these holdings are erroneous. We agree.

"The standard of review for a trial court's equitable distribution of marital assets and liabilities is abuse of discretion." Callwood v. Callwood, 221 So. 3d 1198,

1201 (Fla. 4th DCA 2017). It is true that "[t]he trial judge can ordinarily best determine what is appropriate and just because only he can personally observe the participants and events of the trial." Canakaris v. Canakaris, 382 So. 2d 1197, 1202 (Fla. 1980). However, a court's failure to apply the correct legal rule is error as a matter of law. Id.

## I. CK Holdings, LLC

At the final hearing, Mr. Bro argued that selling CK Holdings' property and dividing the proceeds would be the best way to do equity between the parties and prevent Ms. Bro from gaining an unfair advantage from unilateral actions she had taken to increase the business's value. The court agreed, specifically finding that Ms. Bro had used the business to unilaterally and unfairly advantage herself, thereby disadvantaging Mr. Bro. In an attempt to fashion an equitable remedy, the court determined that CK Holdings' property should be sold and distributed between the parties.

However, the court did not have authority to reach CK Holdings' property directly because the LLC is a separate legal entity and was not a party to the suit. See Ehman v. Ehman, 156 So. 3d 7, 8 (Fla. 2d DCA 2014) ("Tierra Technologies [LLC] was never brought in as a party to this dissolution proceeding, and the trial court did not have the power or authority to transfer the property of a corporation without the joinder of that entity."); Mathes v. Mathes, 91 So. 3d 207, 208-09 (Fla. 2d DCA 2012) (holding that the trial court in a dissolution proceeding did not have jurisdiction over a nonparty corporation and discussing "the basic difference between the family's marital assets and those of [their] separate Florida corporation"). Accordingly, it was error for the court to order the sale of CK Holdings' commercial property.

## II. 2013 Tax Refund

Ms. Bro testified at the final hearing that she used the funds from her 2013 tax return for personal living expenses. She denied spending the funds on anything that was not a regular expense for her during the marriage. No evidence was presented to dispute that this was how she used the funds. Instead of presenting contrary evidence, Mr. Bro argued that Ms. Bro's testimony on this point was not credible, emphasized that Ms. Bro was a CPA, and claimed that in order to do equity the court should divide the refund between the parties. The court agreed with Mr. Bro, indicating that he did not find Ms. Bro's testimony on the issue credible and questioning, "How do we know she didn't take a vacation?" The court ultimately found that

> [t]he Wife, a Certified Public Accountant, created an advantageous tax situation for herself by filing her 2013 federal income tax return as married filing separate, thus requiring the Husband to do the same. This resulted in the Wife receiving a substantial refund and the Husband having to pay substantial taxes.

Based on these findings, the court determined that Mr. Bro was entitled to a portion of Ms. Bro's 2013 tax return as a marital asset.

"This court has held that it is error to include assets in an equitable distribution scheme that have been diminished or dissipated during the dissolution proceedings unless there has been misconduct during the proceedings that results in the dissipation." Bair v. Bair, 214 So. 3d 750, 758 (Fla. 2d DCA 2017). "Misconduct is not shown by 'mismanagement or simple squandering of marital assets in a manner of which the other spouse disapproves.' " Belford v. Belford, 51 So. 3d 1259, 1260 (Fla. 2d DCA 2011) (quoting Roth v. Roth, 973 So. 2d 580, 585 (Fla. 2d DCA 2008)). Instead, "there must be a specific finding of intentional misconduct based on evidence

showing that the marital funds were used for one party's 'own benefit and for a purpose unrelated to the marriage at a time when the marriage is undergoing an irreconcilable breakdown.' " Id.

"If there is uncontradicted evidence in the record that the dissipated funds were used to pay marital expenses during the dissolution proceedings and if there is no evidence of misconduct, then it is an abuse of discretion to include the dissipated funds in the equitable distribution scheme." Bair, 214 So. 3d at 759. Indeed, in Roth v. Roth, this court specifically noted that a court's disbelief of one party's testimony on how funds were spent was not enough, by itself, to support a finding of misconduct:

> Because there is uncontradicted evidence in the record that the dissipated funds were used to pay marital expenses during the dissolution proceedings and because there is no evidence that the Husband engaged in misconduct in expending the funds, the trial court abused its discretion in including these dissipated funds in the equitable distribution scheme. While the Wife is correct that the trial court could have chosen to disbelieve the Husband's testimony concerning how he spent the funds, the trial court cannot make a finding that the Husband intentionally dissipated assets in the absence of some evidence of such conduct. Thus, on remand, the trial court must revisit the equitable distribution scheme without including these assets.

973 So. 2d at 586.

In this case, it is clear that the court did not find Ms. Bro's testimony on how she spent the tax refund to be credible. Moreover, the court found that Ms. Bro created an advantageous tax situation for herself while disadvantaging Mr. Bro. But the court did not make a specific finding of intentional misconduct and no evidence was presented to rebut Ms. Bro's testimony that the funds were used for living expenses.

Accordingly, we conclude that the court abused its discretion by distributing Ms. Bro's 2013 tax refund.

In light of these two errors, we reverse and remand for the trial court to reconsider the equitable distribution scheme. As the parties addressed prospective alimony and child support in their partial marital settlement agreement, there is no need for the trial court to reconsider these issues.

Reversed and remanded.

LUCAS and ATKINSON, JJ., Concur.