DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRIAN P. CHATTEN,**
Appellant,

v.

**VIRGINIA C. CHATTEN,**
Appellee.

No. 4D21-694

[February 16, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 31-2019-DR-000038.

Maureen Monaghan Matheson of Matheson Appellate Law, P.A., Satellite Beach, for appellant.

Amy D. Shield and Roger Levine of Shield & Levine, P.A., Boca Raton, for appellee.

ON MOTION FOR REHEARING

WARNER, J.

We withdraw our prior opinion and substitute the following in its place.

A husband appeals a final judgment of dissolution in which the court awarded an unequal distribution of marital assets to the wife, as well as alimony. He claims that the court abused its discretion in the award of alimony in excess of the wife's reasonable needs and in an unequal distribution of the parties' marital property. We affirm without further discussing the alimony award. We reverse, however, the unequal distribution of property, as the trial court justified the unequal division by the wife's contribution of her inheritance to the jointly held property. As the wife's evidence did not meet the burden of proof necessary to show that the property was nonmarital, we reverse.

At the time the petition for dissolution of marriage was filed, the parties jointly owned two homes—one in Vero Beach, Florida, and one in Battlefield, Missouri. The wife testified that she paid $30,000 for the down payment from an inheritance on the Florida home and an additional $11,000 to furnish it. She requested that the court award her that house as lump sum alimony. The Missouri home was purchased in 2018. The wife testified that she used funds from her IRA towards the purchase of that house. Both properties were mortgaged. At the time of the divorce, the mortgage on the Missouri home was significantly greater than the one on the Vero Beach house.

In the final judgment, the court awarded alimony and ordered a division of assets. That division included granting the wife the Vero Beach property and granting the husband the Missouri property. The division amounted to an unequal distribution in favor of the wife. The wife received $216,606 of assets, while the husband received $95,373. The court ordered the wife to pay the husband $40,000 upon the refinancing of the Vero Beach house or a date certain, whichever first occurred. After payment of this amount, the wife received $41,233 more than the husband, which the court justified because of the wife's contributions of her inheritance to the purchase of the Florida property. The husband moved for rehearing, noting the unequal distribution was not supported by the contributions from the inheritance, as there was no testimony that the contribution was anything other than a gift to him. The trial court denied the motion, prompting this appeal.

On appeal, the husband contends that the court improperly awarded an unequal distribution between the parties based solely upon the wife's contribution of her inheritance to the down payment. As the wife did not carry her burden of proving that the contribution was anything other than a gift, she was not entitled to an unequal distribution as a result of that contribution. We agree.

Section 61.075(1), Florida Statutes (2019), provides for the equitable distribution of marital assets and liabilities and states that "the court must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors[.]" The statute sets forth the factors to be included in the court's consideration. § 61.075(1)(a)-(j), Fla. Stat. (2019). "[T]he court is directed to distribute the marital assets and liabilities 'in such proportions as are equitable' after considering various enumerated factors as well as any other factors 'necessary to do equity and justice between the parties.'"

2

*Robertson v. Robertson*, 593 So. 2d 491, 493 (Fla. 1991) (citing § 61.075(1), Fla. Stat. (1989)).  With respect to real property, the section provides:

> All real property held by the parties as tenants by the entireties, whether acquired prior to or during the marriage, shall be presumed to be a marital asset.  If, in any case, a party makes a claim to the contrary, the burden of proof shall be on the party asserting the claim that the subject property, or some portion thereof, is nonmarital.

§ 61.075(6)(a)2., Fla. Stat. (2019).  The supreme court in *Robertson* held that this language required "[t]he party claiming a special equity and seeking to have the property declared a nonmarital asset . . .  has [to bear] the burden of overcoming this presumption by proving that a gift was not intended." *Id.* at 494.

In *Cintron v. King*, 961 So. 2d 1010 (Fla. 4th DCA 2007), this Court considered whether the trial court erred in awarding a husband a special equity for a down payment on the jointly-owned marital home, based on evidence that the husband had made the down payment with nonmarital assets.  *Id.* at 1013.  We held that the trial court abused its discretion, "because there [was] no record evidence that [the husband] overcame the statutory presumption by demonstrating that a gift was not intended."  *Id.*

Similarly, in *Erdman v. Erdman*, 301 So. 3d 316 (Fla. 5th DCA 2019), the husband claimed that he had used money from nonmarital sources to make the down payment on a jointly titled home.  The court reversed an award of unequal distribution to the husband based upon this contribution, concluding that he failed to overcome the presumption of a marital gift.  The court explained:

> "[S]tanding alone, evidence that one spouse provided nonmarital funds to purchase a marital home is insufficient to prove that the spouse did not intend a gift." *David v. David*, 58 So. 3d 336, 338 (Fla. 5th DCA 2011) (citing *Cintron v. King*, 961 So. 2d 1010 (Fla. 4th DCA 2007)).  If the subject property is jointly titled, and the parties' conduct during the marriage demonstrates joint ownership, the party asserting that no gift was intended must do more than make an "unsubstantiated claim, raised for the first time during a dissolution proceeding." [citations omitted]  Further, "[i]t is irrelevant how the funds were received or how much each party contributed."

> *Jurasek v. Jurasek*, 67 So. 3d 1210, 1212 (Fla. 3d DCA 2011)
> (citing *David*, 58 So. 3d at 336).

*Id.* at 319. The *Erdman* court determined that the husband's "testimony alone that the down payment was made with nonmarital funds was insufficient to overcome the marital gift presumption." *Id.* (citing *David*, 58 So. 3d at 338); *see also Jurasek*, 67 So. 3d at 1212 (reversing an unequal distribution award in favor of the husband who had used funds from an inheritance to purchase the marital home but "never explained why or how the act of jointly titling the home purchased with those funds constituted anything other than a gift from him to the [former] wife").

Thus, based upon both the statute and the case law, the wife in this case clearly did not overcome her burden to show that her inheritance monies gave her a special equity in either the Florida or Missouri home to support the unequal distribution of assets. While she testified that the source of the down payment on the Florida home was from her nonmarital inheritance, she did not offer any proof that the monies were anything other than a gift.

Instead, the wife maintained in the trial court that the unequal distribution would enable her to meet her reasonable needs. Thus, she argues that we should affirm the unequal distribution by finding that it was awarded as lump sum alimony, applying the tipsy coachman doctrine. We decline to do so. "Lump sum alimony for support requires a showing of need on the part of the recipient spouse, an ability to pay on the part of the payor spouse, and a justification for the payment." *Sellers v. Sellers*, 68 So. 3d 348, 351 (Fla. 1st DCA 2011) (citing *Jackson v. Jackson*, 507 So. 2d 1160, 1163 (Fla. 1st DCA 1987)). "The trial court must make findings justifying such an award either on the record or in the final order." *Rawson v. Rawson*, 264 So. 3d 325, 330 (Fla. 1st DCA 2019) (citation omitted).

The court awarded the wife a significantly unequal distribution of assets without sufficient justification. While we affirm the award of alimony to the wife, we reverse the equitable distribution and remand for the court to reconsider the equitable distribution of property. In doing so, the court may consider whether an award of property as lump sum alimony may be appropriate and supported by the evidence. The court may determine the issues on the record presented or in its discretion may take additional evidence.

*Affirmed in part, reversed in part, and remanded with directions.*

4

GERBER and LEVINE, JJ., concur.

\* \* \*

***No motion for rehearing will be entertained.***
***Mandate shall issue immediately.***